Submitted on remand from the Oregon Supreme Court July 12, vacated and remanded September 14, 2016

In the Matter of A. L. M. L.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. U. L.,
*Appellant.*

Marion County Circuit Court
J120389;
Petition Number 081513LUK1;
A156348

380 P3d 1232

Peter Gartlan, Chief Defender, Shannon Flowers, Deputy Public Defender, Office of Public Defense Services, for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Inge D. Wells, Assistant Attorney General, for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

**GARRETT, J.**

This termination-of-parental-rights case is before us on remand from the Supreme Court, which vacated our earlier decision, *Dept. of Human Services v. M. U. L.*, 270 Or App 343, 347 P3d 364 (2015), *vac'd and rem'd*, 359 Or 777, 375 P3d 434 (2016) (*"M. U. L. I"*), and ordered reconsideration in light of *Dept. of Human Services v. T. L.*, 358 Or 679, 369 P3d 1159 (2016).

Our decision in *M. U. L. I* affirmed the juvenile court's judgment terminating mother's parental rights; we also declined to consider mother's claim that she received inadequate assistance of counsel at her termination trial, reasoning that that claim was unpreserved and could not be raised for the first time on direct appeal. *Id.* at 349-50. In *T. L.*, the Supreme Court held that an unpreserved inadequate-assistance claim in a dependency case "may be raised in the first instance on direct appeal." *T. L.*, 358 Or at 703. Accordingly, we now revisit our disposition of mother's inadequate-assistance claim. For the reasons explained below, we conclude that mother has raised a colorable claim that her counsel was inadequate, but that the existing record does not contain enough information for us to resolve the merits of that claim. We therefore remand to the juvenile court for an evidentiary hearing pursuant to ORS 419B.923 (a remedy contemplated by the Supreme Court in *T. L.*). *Id.* In addition, although we adhere to our previous analysis rejecting mother's other assignments of error, we conclude that the proper disposition is to vacate rather than affirm the judgment of termination.

Mother's inadequate-assistance claim relates to the appointment of a guardian *ad litem* (GAL) for mother in her termination case. Mother has a history of mental illness, including bipolar disorder and borderline schizophrenia, and has been intermittently hospitalized since 2002. The termination case concerns mother's child, A, who was born in 2009. In July 2012, police responded to reports of mother's incoherent behavior in the presence of A and also became concerned about a lack of food in the family's home. The juvenile court took jurisdiction over A in October 2012.

For additional facts pertinent to our decision on remand, we excerpt below from *M. U. L. I*:

"Following A's removal, mother was hospitalized in Salem Hospital's psychiatric unit for about three weeks, initially on an involuntary 'hold' and eventually on a voluntary basis. * * * Mother was diagnosed with '[p]sychotic disorder not otherwise specified (NOS).'

"* * * * *

"At some point, mother left the hospital. She was arrested and charged with harassment in March 2013, following an incident in which she grabbed and pushed a DHS caseworker. In August 2013, DHS filed a petition to terminate mother's parental rights to A on grounds of unfitness. Over the course of five days in September and October 2013, mother was arrested twice more on charges of improper use of an emergency reporting system (after mother called 9-1-1 from the Marion County Jail, claiming to need medical attention) and fourth-degree assault (following an altercation in which she shoved, grabbed, and scratched her mother).

"On October 9, 2013, the circuit court found mother unfit to proceed in her criminal matters and ordered her committed to the Oregon State Hospital (OSH). OSH staff concluded that schizophrenia, rather than psychotic disorder NOS, was the most accurate diagnosis. Mother was prescribed antipsychotic and mood-stabilizing medications.

"In the termination proceeding, DHS requested that the juvenile court appoint a GAL for mother in light of the circuit court's determination that mother was unfit to proceed in her criminal cases. At a hearing on October 25, mother's attorney objected to the appointment of a GAL, as did mother (testifying by telephone). The juvenile court granted DHS's motion and appointed a GAL.

"By December 2013, mother had 'stabilized' at OSH to the point that she was 'able to hold conversations.' On December 20, the juvenile court held a hearing on whether to continue the GAL appointment for mother. DHS requested that the appointment continue, and mother's attorney did not object. The juvenile court ruled that the GAL appointment would continue.

"Trial occurred in February 2014. At the trial, mother's treating psychiatrist and an OSH nurse testified that,

three days earlier, they had determined that mother was able to aid and assist her attorney and had discharged mother from OSH. A DHS caseworker also acknowledged at trial that mother was 'stable' at the time. Mother testified at the trial and appeared to understand the questions that she was asked. During the trial, neither mother nor her attorney raised an objection to the continuing appointment of the GAL. At the end of the trial, the juvenile court terminated mother's parental rights to A."

270 Or App at 346-47 (brackets in original).

On appeal, mother raises three assignments of error, two of which challenge rulings by the juvenile court. First, mother argues that the juvenile court erred in continuing the GAL appointment after OSH staff determined that mother was competent to aid and assist in her criminal proceedings. In *M.U.L. I* , we rejected mother's argument, explaining that mother's challenge to the continuation of the GAL appointment was not preserved and that no error was plain. *M.U.L. I* , 270 Or App at 348-49. Critically for our analysis on remand, our basis for concluding that no error was plain was that the juvenile court had not been *asked* to remove the GAL, and the relevant statute, ORS 419B.237(2), "simply does not support mother's contention that, in the absence of any 'request' by mother or her attorney, the juvenile court had a *sua sponte* obligation to determine whether the GAL appointment should be terminated." *Id.* at 349.

Mother's second assignment of error asserts that the juvenile court erred in terminating mother's parental rights. As we previously explained, however, that argument fails because it is predicated entirely on mother's contention that the juvenile court committed plain error in failing to *sua sponte* terminate the GAL appointment. *Id.*

Mother's third and final assignment of error is that her counsel in the termination proceeding was constitutionally inadequate for failing to seek removal of the GAL. Mother argues that her claim, although unpreserved, is properly raised under *State ex rel Juv. Dept. v. Geist*, 310 Or 176, 796 P2d 1193 (1990) (allowing for challenge to adequacy of dependency counsel on direct appeal even where

argument was not preserved). Our decision in *M.U.L. I* summarily disposed of that argument on the ground that it was barred by our decision in *Dept. of Human Services v. T. L.*, 269 Or App 454, 344 P3d 1123 (2015), *rev'd and rem'd*, 358 Or 679, 369 P3d 1159 (2016). We held in *T. L.* that, because ORS 419B.923, enacted after *Geist*, "provides a trial-level mechanism to set aside judgments in dependency cases, and, because that remedy is available to challenge the adequacy of dependency counsel," the rationale for *Geist* no longer applied; thus, the parent could not raise an inadequate-assistance claim for the first time on direct appeal. 269 Or App at 456.

The Supreme Court in *T. L.* reversed, concluding that, notwithstanding the enactment of ORS 419B.923, a parent's inadequate-assistance claim "may be raised in the first instance on direct appeal." 358 Or at 703. The Supreme Court also offered guidance to an appellate court presented with such a claim:

> "[If] the Court of Appeals determines that the record is insufficient to warrant relief, then the Court of Appeals may, where appropriate, affirm without prejudice to the parent's ability to renew the claim before the juvenile court under ORS 419B.923 or remand for an evidentiary hearing under ORS 419B.923."

*Id.* at 703-04.

Following *T. L.*, the Supreme Court vacated our decision and remanded this case to us. Because nothing in *T. L.* causes us to alter our analysis of the first two assignments of error, we adhere to our reasoning in *M.U.L. I* concerning those two assignments and readopt it here. 270 Or App at 347-49 (addressing mother's first two assignments of error). However, *T. L.* requires that we now address mother's third assignment of error, which asserts that, by failing to seek removal of the GAL, mother's counsel rendered inadequate assistance, causing mother to be deprived of a fundamentally fair termination proceeding.

A parent asserting the inadequacy of counsel has the burden of proving both that counsel was inadequate and that the inadequate representation prejudiced the parent.

*State v. N. L.*, 237 Or App 133, 142, 239 P3d 255 (2010). In termination cases, the standard by which counsel's performance is measured is "whether a termination proceeding was 'fundamentally fair,'" as that term has been used in federal due process cases. *Geist*, 310 Or at 187-88. "The essence of fundamental fairness is the opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* at 189-90.

As support for her claim that her attorney rendered inadequate representation in connection with the GAL appointment, mother cites ORS 419B.234(5), which provides in part:

> "The parent's attorney shall inquire at every critical stage in the proceeding as to whether the parent's competence has changed and, if appropriate, shall request removal of the guardian ad litem."

Mother also relies on ORS 419B.237(2)(a), which provides that the juvenile court "shall" remove the guardian *ad litem*, upon request by the parent or the parent's attorney,

> "if the court determines that the parent no longer lacks substantial capacity either to understand the nature and consequences of the proceeding or to give direction and assistance to the parent's attorney on decisions the parent must make in the proceeding[.]"

On the basis of those two statutes, mother contends that her attorney rendered inadequate assistance by failing to request removal of the GAL after learning that OSH staff had declared mother able to aid and assist in her criminal cases. If her attorney had made that request, mother reasons, the juvenile court would have been required to remove the GAL (because, under ORS 419B.237(2)(a), the court lacks discretion to continue the GAL appointment if the parent "no longer lacks substantial capacity").

We agree with mother's statutory analysis. If her counsel had made the request to terminate the GAL appointment, and if the juvenile court had made the requisite determination of mother's condition under ORS 419B.237(2)(a), then the juvenile court would have been required to remove the GAL.

We also agree that, *if* mother's attorney should have, in the reasonable exercise of professional skill and judgment, requested the removal of the GAL, and *if* the failure to do so led to the continuation of the GAL against mother's wishes, then that failure has implications for the fundamental fairness of the termination proceeding. On this point, we find guidance in our recent decision in *Dept. of Human Services v. A. S.-M.*, 270 Or App 728, 350 P3d 207, *rev den*, 357 Or 640 (2015), where we held that the evidence was legally insufficient to support the juvenile court's appointment of a GAL for a mother in a termination case. *Id.* at 745-47. After so concluding, we addressed the mother's contention that the invalid appointment of a GAL rendered her proceeding fundamentally unfair:

> "The termination of parental rights is one of the most drastic actions the state can take against its inhabitants, such that the court's termination of parental rights must be achieved consistently with due process. * * * Due process requires that the court's procedural safeguards ensure that a termination proceeding is fundamentally fair. * * * The essence of fundamental fairness is the opportunity to be heard at a meaningful time and in a meaningful manner. * * *

> "* * * * *

> "[T]he erroneous appointment of a GAL impaired mother's ability meaningfully to defend against the termination petition. That is so for two reasons. First, * * * the appointment of a GAL substantially changed the manner in which mother would be entitled to direct the course of the dependency proceeding. Second, the very fact of the GAL appointment contributed to the evidence against mother in the proceeding."

*Id.* at 747-49 (concluding that the erroneous appointment of mother's GAL rendered the termination proceeding fundamentally unfair, and reversing the judgment terminating her parental rights) (internal quotations, citations, and brackets omitted).

It is apparent from the foregoing principles that mother has presented at least a colorable claim of inadequate assistance of counsel. *First*, it is undisputed that mother's condition had stabilized by December 2013 and

that, just days before the February 2014 termination trial, mother's treatment providers at OSH declared her able to aid and assist in her criminal cases and discharged her from the hospital. *Second*, it is undisputed that mother's attorney did not take advantage of at least two opportunities to seek removal of the GAL: first, at the December 20, 2013, hearing where the juvenile court addressed whether to continue the GAL appointment and mother's attorney did not object, and, later, at the February 2014 trial itself, where no objection was made to the continuing appointment. *Third*, based on the information from the OSH staff about mother's improved condition, there is at least some reason to believe that, if mother's counsel had requested removal of the GAL under ORS 419B.237(2), the request would have been successful. *Fourth*, if mother was capable of proceeding without a GAL, then the erroneous appointment of a GAL for the pendency of the termination trial may have affected the fundamental fairness of the proceeding by "impair[ing] mother's ability meaningfully to defend against the termination petition." *A. S.-M.*, 270 Or App at 748.

Although we can discern a colorable claim for inadequate assistance of counsel, we are unable to resolve the merits of that claim on the existing record. The adequacy of the representation by mother's counsel turns on factual questions that have not been fully developed. For example, we know that mother's attorney did not request removal of the GAL, but we do not know why. On that question, evidence of the content of communications between mother and her counsel will be significant (potentially dispositive), but the record is silent as to those. Other important factual issues include the manner in which the juvenile court would have resolved a request for removal of the GAL if that request had been made. And, on the question of prejudice, even assuming that the GAL should have been removed before trial, it is not self-evident that the failure to do so prejudiced mother, given that she was allowed to testify and participate in the trial and apparently voiced no objection herself to the presence of the GAL. In other words, an issue that requires further development is how, if at all, the conduct of the trial would have been different if the GAL had been removed.

Although the Supreme Court established in *T. L.* that claims of inadequate assistance may be raised for the first time on direct appeal, the court also observed that "it is a 'rare' case in which the question whether counsel was inadequate will not require the development of an evidentiary record." 358 Or at 702. For that reason, as noted earlier, the court emphasized that the appropriate course for the Court of Appeals to take may be to either "affirm without prejudice to the parent's ability to renew the claim before the juvenile court under ORS 419B.923 or remand for an evidentiary hearing under ORS 419B.923." *Id.* at 704.

We conclude that the appropriate remedy in this case is to remand for an evidentiary hearing under ORS 419B.923 on mother's claim of inadequate assistance of counsel. With respect to the judgment of termination, as explained above, we adhere to our analysis in *M. U. L. I* that the juvenile court did not err for the reasons argued in mother's first two assignments of error. However, the question whether mother received inadequate representation regarding the GAL appointment has necessary implications for whether mother received a fundamentally fair termination trial. Accordingly, the judgment terminating mother's parental rights is vacated and remanded pending further proceedings in the trial court. On remand, the trial court is instructed to hold an evidentiary hearing pursuant to ORS 419B.923 on mother's claim of inadequate assistance of counsel. If the trial court determines that mother received inadequate assistance of counsel, it shall order a new termination trial; otherwise, the court shall reinstate the judgment terminating mother's parental rights.

Vacated and remanded.