ARMSTRONG, P. J.
*550 Mother appeals an order that denied her motion to set aside a judgment that had terminated her parental relationship with her son. The juvenile court had entered the termination judgment based on a prima facie presentation of evidence that the court had allowed the Department of Human Services (DHS) to make after mother had failed to appear at a "trial readiness" hearing in the termination case. Mother moved under ORS 419B.923 to set the termination judgment aside, and the court scheduled a hearing on the motion. Mother's counsel appeared at the hearing, but mother did not. The court thereafter entered an order denying mother's motion. On appeal, mother raises for the first time a claim that her trial counsel provided her with inadequate legal assistance in litigating her set-aside motion. Because mother's claim turns on factual questions that have not been sufficiently developed in the record, we vacate and remand for the juvenile court to hold an evidentiary hearing under ORS 419B.923 on mother's inadequate-assistance claim.
When reviewing a claim of inadequate assistance of counsel, we consider whether the underlying proceeding was "fundamentally fair." State ex rel. Juv. Dept. v. Geist , 310 Or. 176, 187-88, 796 P.2d 1193 (1990). If we conclude that the evidentiary record is insufficient for us to resolve on appeal an unpreserved claim of ineffective assistance of counsel, we can, "where appropriate," remand to the juvenile court for an evidentiary hearing on the claim.
*1044 Dept. of Human Services v. T. L ., 358 Or. 679, 703-04, 369 P.3d 1159 (2016). A parent raising such a claim bears the burden of proving it. T. L. , 358 Or. at 702, 369 P.3d 1159. To be entitled to relief, the parent "must show not only that trial counsel was inadequate, but also that the inadequacy prejudiced [the parent's] rights to the extent that the merits of the juvenile court's decision are called into serious question." Id . Thus, the parent must prove both deficient performance and prejudice.
With those principles in mind, we turn to the facts of this case. DHS filed a petition on July 21, 2017, to terminate mother's parental rights with her son, Z. Mother appeared in court on September 26, 2017, as required by the *551 summons, and contested the petition. During that appearance, the court scheduled a "trial readiness" hearing for December 5, 2017, but that hearing was later rescheduled for April 6, 2018. Although mother received notice of the April 6 hearing, she did not appear for it. DHS moved at the hearing to proceed with a prima facie case against mother, to which mother's counsel objected and stated that he did not know why mother was not in court. Mother's counsel did not raise an objection based on any deficiency in the notice required to be given to support entry of a default judgment terminating mother's parental rights. See ORS 419B.820. The court denied a request by mother's counsel to set the hearing over, and, after DHS's presentation of evidence, the court orally granted the termination petition.
The court entered its termination judgment on May 1, 2018. In its judgment, the court found that mother "did not appear as summoned, although served as required by law," and that the court had "granted the state's oral motion to proceed with a prima facie case in mother's absence, over mother's attorney's objection." On May 11, 2018, mother filed a motion to set aside the termination judgment "pursuant to ORS 419B.923." In a declaration accompanying the motion, mother's counsel stated that mother's failure to appear at the "trial readiness" hearing was due to the fact that she had moved to Prineville and "was having transportation problems."
A hearing on the motion was held on July 27, 2018. Mother failed to appear at the hearing. Mother's counsel represented that he had "hired a private investigator to find" mother, but he did not know where she was. The court denied mother's motion, stating that
"[t]he declaration of the attorney that's attached does not comply with ORS 419B.923(2) and the fact that the person objecting [to the termination judgment] has not made it to the hearing once again speaks volumes. There is not excusable neglect. The court will deny the motion."
Now, on appeal, mother contends that her trial counsel provided inadequate legal assistance to her in three respects on her motion to set aside the termination judgment: (1) counsel failed to adequately plead the "excusable *552 neglect" theory under ORS 419B.923(1)(b) that he had raised in the written set-aside motion; (2) counsel did not advance a well-settled theory under ORS 419B.820 on the notice required to be given mother to support entry of a default termination judgment against her; and (3) counsel abandoned his prosecution of the set-aside motion at the hearing because he could not "find" mother. In her brief, mother argues that the evidentiary record is sufficient for us to resolve the inadequate-assistance claim that she has advanced on appeal, and she asks us to reverse the order denying her motion to set aside the termination judgment.
DHS disputes that mother is entitled to the relief that she seeks on appeal. It contends, among other things, that resolution of mother's inadequate-assistance claim requires the development of an evidentiary record and that we should vacate the order denying mother's set-aside motion and remand for that purpose. See T. L. , 358 Or. at 702, 369 P.3d 1159 ("[I]t is a 'rare' case in which the question whether counsel was inadequate will not require the development of an evidentiary record."). See also Dept. of Human Services v. M. U. L. , 281 Or. App. 120, 128, 380 P.3d 1232 (2016) (declining to reach merits of claim that counsel provided inadequate assistance by failing to request the removal of a guardian ad litem when the *1045 claim turns on "factual questions that have not been fully developed").
At oral argument, both parties agreed that the record is insufficiently developed for us to resolve mother's inadequate-assistance claim and asked us to vacate and remand the case for an evidentiary hearing under the terms stated in M. U. L . We agree with the parties that the record on appeal is insufficient for our review. Thus, we vacate the order on mother's set-aside motion and remand with instructions consistent with those given in M. U. L. If the trial court determines that mother received inadequate assistance of counsel that prejudiced mother's rights regarding the set-aside motion, the court shall enter an order granting the motion; otherwise the court shall reinstate the order denying the motion.
Vacated and remanded.