TOOKEY, J.
*236 Mother appeals from judgments terminating her parental rights to her three children, *715 JE, JA, and F. She raises eight assignments of error, which fall into three broad claims: (1) the juvenile court erred when it continued the appointment of mother's guardian ad litem (GAL) from the permanency proceeding in the termination proceeding without holding a hearing; (2) mother's counsel was inadequate for failing to object to the continuation of the GAL's appointment; and (3) as a result, the juvenile court erred when it terminated mother's parental rights to JE, JA, and F.[1] Mother's first claim is unpreserved and we conclude that she was required to preserve that claim of error; furthermore, we conclude that plain-error review is not appropriate in this case. Therefore, we reject her first two assignments of error. Mother's six remaining assignments of error are dependent on her claim that she received inadequate assistance of counsel in her termination trial due to her counsel's failure to object to the continued appointment of the GAL in the termination proceeding. Because this is not the " 'rare' case in which the question whether counsel was inadequate will not require the development of an evidentiary record," Dept. of Human Services v. T. L. , 358 Or. 679, 702, 369 P.3d 1159 (2016), "the appropriate remedy in this case is to remand for an evidentiary hearing under ORS 419B.923 on mother's claim of inadequate assistance of counsel," Dept. of Human Services v. M. U. L. , 281 Or. App. 120, 129, 380 P.3d 1232 (2016) ( M. U. L. II ). Accordingly, we vacate the judgment terminating mother's parental rights, and remand to the juvenile court with instructions to hold an evidentiary hearing on mother's claim of inadequate assistance of counsel. *237 For purposes of this appeal, the relevant facts are mostly procedural and undisputed. Mother's three children, 12-year-old JE, ten-year-old JA, and seven-year-old F, were removed from mother's care in December 2013, and were made wards of the juvenile court in April 2014. Among other things, juvenile court jurisdiction was based on mother's admission that her "unresolved mental health issues" interfered with her ability to "safely parent, supervise and discipline" her children.
In October 2016, the Department of Human Services (DHS) informed the court that DHS would seek to have a GAL appointed for mother in the dependency proceedings. On December 22, 2016, and March 1, 2017, the court held an evidentiary hearing on DHS's motion to appoint a GAL for mother. Further evidence was received by the court on March 29, 2017, before the court made its final written order.
The court's order made the following findings:
"This court has had this case since signing a shelter case order on December 6, 2013. The court has observed Mother's behavior in court on numerous occasions. This behavior was generally appropriate at most hearings.
"However it has become clear that mother's thinking has become erratic, disorganized, delusional[, and] paranoid. She recently, once again, demanded unrealistic actions of DHS, the court, and presumably her last attorney. Due to her escalating heretofore described behaviors, she has had 3 successive attorneys appointed, each of which can no longer represent her be it due to a demand for a new attorney or obstructionist conduct.
"Mother's conduct at the last two hearings was such that it was impossible to communicate with her. I find by a preponderance of the evidence that mother's mental impairment causes her to lack substantial capacity to understand the nature *716 [and] consequences of court proceedings [and] it makes her unable to give direction or assistance to any attorney on decisions that must be made in legal proceedings and it is necessary that a GAL be appointed to protect mother's rights in these cases during this period of impairment."
*238 On April 4, 2017, Emily Cohen was appointed as mother's GAL. On July 6, 2017, the juvenile court held a permanency hearing and changed the children's permanency plan from reunification to adoption. Mother was not present at that hearing, although Cohen did attend. The court noted at that time that mother's "mental health appears to be declining significantly such that she has little understanding of how to parent."
On August 30, 2017, DHS filed petitions to terminate mother's parental rights. The petitions alleged that mother was unfit due to mental illness, subjecting JE and JA to inappropriate discipline, residential, employment, and lifestyle instability, a lack of understanding of her children's basic needs, and a lack of effort to adjust her circumstances to make it possible for the children to return to her care. The petitions also alleged that mother had neglected and abandoned the children.
On October 10, 2017, Cohen filed a declaration in the termination cases. That declaration informed the court that Cohen had been appointed as mother's GAL in the dependency cases, her appointment had been "continuous since that time," and that Cohen had "no information to cause me to believe that [mother] is no longer in need" of a GAL. That same day, based on Cohen's declaration, the juvenile court entered an order in the termination proceeding that continued Cohen's appointment as mother's GAL. On October 13, 2017, the court entered an order continuing mother's dependency trial counsel as her counsel in the termination proceeding.
The first appearance on the termination proceeding was held on November 7, 2017, and mother appeared with her counsel and GAL. The court held another pretrial hearing on December 11, 2017, and mother's counsel and GAL appeared without mother-it is unclear from the record whether the juvenile court expected mother to appear at that hearing. Then on March 7, 2018, the juvenile court held a best interest hearing, but the record does not indicate which parties appeared.
On May 10, 2018, mother's counsel and GAL appeared without mother for the trial on the termination petitions filed *239 on all three children, JA, JE, and F. Before the termination trial began, the parties agreed to go forward on stipulated evidence. Mother's counsel and GAL opposed the termination of Mother's parental rights and, at the conclusion of the stipulated trial, the court entered judgments terminating mother's parental rights to all three children. Mother appeals from those judgments.
We now turn to mother's first claim, which encompasses her first and second assignments of error, in which mother argues that the juvenile court erred when it failed to conduct a hearing under ORS 419B.231 before continuing the appointment of mother's GAL in the termination proceeding. Mother's challenges to the juvenile court's authority to enter a GAL order under ORS 419B.231 present a question of law. Dept. of Human Services v. K. L. W ., 253 Or. App. 219, 221-22, 288 P.3d 1030 (2012). Because mother acknowledges that she did not object to the GAL's continued appointment, we first address whether mother was required to preserve that objection.
ORAP 5.45(1) provides that "[n]o matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court." Whether an appellate argument is preserved is a legal issue. State v. Fox , 165 Or. App. 289, 292, 995 P.2d 1193 (2000).
Here, however, mother contends that she was not required to preserve her claim that the juvenile court erred in appointing a GAL in the termination proceedings because there *717 was no opportunity for her to object given that the court entered its order sua sponte without informing the parties beforehand. Thus, mother claims that she did not have a practical opportunity to object before the court erred.
DHS argues that mother had multiple opportunities to object after the court entered its GAL order in October 2017, and before the termination trial in May 2018. Thus, DHS asserts, mother should not be relieved from the requirement to preserve her objection. For the reasons explained below, we agree with DHS.
Because the rules of preservation "are pragmatic as well as prudential[, w]hat is required of a party to adequately *240 present a contention to the trial court can vary depending on the nature of the claim or argument[.]" Peeples v. Lampert , 345 Or. 209, 220, 191 P.3d 637 (2008). Ultimately, the touchstone of the preservation requirement is "procedural fairness to the parties and to the trial court." Id. However, preservation may not be required "when a party has no practical ability to raise an issue." Id.
K. L. W . provides a helpful example of when we have relieved a parent of the preservation requirement. In that case, DHS filed a petition to terminate the father's parental rights to his child. K. L. W. , 253 Or. App. at 222, 288 P.3d 1030. Later, DHS filed a motion for an appointment of a GAL for the father in his termination proceeding. Id. at 223, 288 P.3d 1030. After conducting a hearing on the motion for a GAL, the juvenile court appointed a GAL for the father over the father's counsel's objection. Id . at 225, 288 P.3d 1030. Thereafter, despite knowing the father's desire to contest the petition to terminate his rights, the GAL agreed to stipulate to the termination of the father's parental rights. Id. at 226, 288 P.3d 1030. During the settlement hearing, the father's counsel explained that she signed the stipulated judgment of termination "because it was her duty to follow" the GAL's directions. Id . Then, "when father attempted to talk to the judge, the court explained that father did not have 'standing' at the hearing and that only the [GAL] could say something on his behalf. The GAL did not say anything on the father's behalf [during the trial]." Id. Subsequently, the juvenile court entered the stipulated judgment terminating the father's rights to his child. Id.
After the termination judgment was entered, the father appealed the GAL appointment and the subsequent termination of his parental rights based upon various grounds, including that he was deprived of his due process rights to a fundamentally fair trial. Id. at 227, 288 P.3d 1030. On appeal, DHS argued that the father's due process argument was not made to the juvenile court and, therefore, the father's error was unpreserved. We concluded that preservation was not required because the father had no opportunity to raise his due process arguments during the termination proceeding because the juvenile court found that the father had no standing to raise an objection to the GAL, and, despite being *241 aware of the father's objections, the father's GAL declined to say anything during the termination proceeding on the father's behalf. Id. at 231-32, 288 P.3d 1030.
Here, mother argues that preservation is not required because the GAL order was entered before the parties had an opportunity to object to the court's error. Yet, mother does not point to anything in the record before us that demonstrates that she was prevented from objecting to the GAL order to allow the court to correct any purported error before the final termination judgment was entered seven months later. Instead, mother first contends that "once counsel was appointed mother was represented by counsel and she could not personally object." Mother cites ORS 9.320 in support of that contention, which provides that, "[w]here a party appears by attorney, the written proceedings must be in the name of the attorney, who is the sole representative of the client as between the client and the adverse party * * *." This argument is unavailing *718 because here, unlike the father in K. L. W. , mother had an opportunity to object when she appeared, with the GAL and her counsel, almost a month after entry of the GAL order. At that pretrial hearing, mother was fully aware that the GAL was continuing to represent her in the termination proceeding. Yet there is no evidence in the record of mother objecting to the lack of a hearing or the continued appointment of the GAL at that time or during the six months that passed before the entry of the termination judgment.
Second, mother argues that she was not able to object because mother's counsel was not required to relay an objection to the appointment of a GAL as the GAL directs the litigation-not mother. That argument is also unavailing because the statutory scheme provides that mother could have objected through her GAL. See generally ORS 419B.234 (listing the duties of a GAL in juvenile proceedings). As relevant here, the GAL has a duty to consult with the parent, inform the court if the parent no longer needs a guardian, and make decisions consistent with what the GAL believes the parent would decide if the parent did not lack substantial capacity as described in the statute. See ORS 419B.234(3)(a) ; ORS 419B.234(3)(b) ; ORS 419B.234(4).
*242 Thus, despite the fact that mother's counsel was not required to take direction from mother personally, but from the GAL, it was still the GAL's responsibility to discern mother's wishes and articulate mother's wishes to mother's counsel. Also, unlike the father in K. L. W. , there is no evidence in this case that the GAL contravened mother's directives. Rather, before the termination trial on May 10, 2018, mother worked with the GAL to prepare exhibits in lieu of appearing for trial, and the GAL opposed the termination of mother's parental rights at the termination trial. Therefore, we reject mother's argument that she had no practical ability to convey her objection to the court through her GAL.
Finally, mother has not asserted that she ever informed her GAL or her counsel that she wanted to object to the lack of a hearing or the continued appointment of the GAL, nor does mother claim that she attempted to alert the court about her concerns with the GAL's appointment. To the contrary, mother's conduct as set forth in the record indicates her acquiescence to the GAL's continued appointment throughout her dependency and termination proceedings.
As discussed above, the rules of preservation serve a practical and prudential purpose. When a party makes no effort to place opposing parties or the court on notice of the error, or allow an opportunity to correct it sooner, we will not relieve the complaining party of the preservation requirement. Thus, we conclude that mother was not practically impeded from preserving her claimed error, and she was required to preserve an objection to the GAL's continued appointment.
Next, we address mother's argument that we should review her unpreserved assignments of error as plain error. DHS responds that any error is not plain and, even if it is plain, we should decline to review it. We agree with DHS that the claimed error is not plain.
Even if a claim of error is unpreserved, this court may review it if it is "plain error." ORAP 5.45(1). "For an error to be plain error, it must be an error of law, obvious *243 and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." State v. Vanornum , 354 Or. 614, 629, 317 P.3d 889 (2013).
Here, the parties' dispute centers on the provisions in ORS 419B.231. That statute provides that the court "may appoint a [GAL] for a parent involved" in a juvenile dependency proceeding, "including a proceeding for the termination of parental rights." ORS 419B.231(1). Prior to appointing a GAL, the court is required to conduct a hearing. See ORS 419B.231(2) ("The court shall conduct a hearing to determine whether to appoint a [GAL]"); ORS 419B.231 (3)(a) ("A court may not appoint a [GAL] under this section unless the court conducts a hearing.").
Mother contends that the court plainly erred, because ORS 419B.231(1)"explicitly treats the termination proceeding as a separate, *719 distinct proceeding from the dependency proceeding," and, therefore, the court was required to conduct a hearing before appointing the GAL in the termination proceeding because it was a separate proceeding for purposes of the hearing requirement in ORS 419B.231(2).
DHS responds that any error is not plain because it is not obvious and beyond reasonable dispute that the juvenile court, after appointing a GAL in the underlying dependency case, must conduct another hearing to continue the appointment in a subsequent termination proceeding. DHS argues that ORS 419B.231(1) could be read to mean simply that the statute authorizes the appointment of a GAL in proceedings commenced under both ORS 419B.100 and ORS 419B.500, and does not govern the duration or continuation of a GAL's appointment throughout the various stages of juvenile dependency proceedings.
That interpretation of the statute is supported by ORS 419B.237(1), which provides that the "appointment of a guardian ad litem under ORS 419B.231 continues until" the court "terminates the appointment," the "juvenile court proceeding is dismissed," or the "parent's parental rights are terminated." Additionally, under ORS 419B.237(2) a juvenile court " '[s]hall remove' the GAL * * * only after such *244 a 'request' has been made of the court * * * by mother or her attorney." Dept. of Human Services v. M. U. L. , 270 Or. App. 343, 349, 347 P.3d 364 (2015), vac'd and rem'd on other grounds , 359 Or. 777, 381 P.3d 815 (2016) ( M. U. L. I ) (quoting ORS 419B.237(2) ; brackets in original). Given the contextual interplay between ORS 419B.231 and ORS 419B.237, it is not "obvious" that ORS 419B.231 compels the outcome that mother proposes, viz. , that the juvenile court was required to conduct a hearing under ORS 419B.231 before continuing the GAL's appointment in the termination proceeding. Cf . id . at 348-49, 347 P.3d 364 (concluding that it was not plain error for the juvenile court to continue the appointment of the mother's GAL in a termination proceeding after mother had been determined to be competent in a separate criminal case because ORS 419B.237 does not obligate a juvenile court to determine sua sponte whether the GAL appointment should be terminated). Furthermore, DHS notes that mother fails to point to any case law holding that plain error occurred under the circumstances presented here, and we are unaware of any case resolving this issue of statutory construction. Therefore, the issue presents a question of first impression without an obvious answer. See State v. Serrano , 355 Or. 172, 182, 324 P.3d 1274 (2014) (alleged error not "obvious" as necessary for plain error, because "th[e] court has never had that issue before it for resolution"). Hence, mother's claim of error is not plain because the legal question is not obvious and is reasonably in dispute, and, therefore, we reject mother's first and second assignments of error.
We now turn to mother's second claim and begin by discussing mother's third assignment of error because our disposition on that assignment obviates the need for us to consider her remaining assignments of error. In her third assignment of error, mother contends that her trial counsel provided inadequate assistance because he failed to "object to the unlawful appointment of a GAL" in the termination proceeding. Further, mother contends that trial counsel was inadequate for failing to "independently assess whether [her] interest in preserving her parental rights to her children were protected and safeguarded by the appointment of a GAL."
*245 "When reviewing a claim of inadequate assistance of counsel, we consider whether the underlying proceeding was 'fundamentally fair.' " Dept. of Human Services v. P. W. , 296 Or. App. 548, 550, 439 P.3d 1042 (2019) (quoting State ex rel. Juv. Dept. v. Geist , 310 Or. 176, 187-88, 796 P.2d 1193 (1990) ). A parent raising such a claim bears the burden of proving "not only that trial counsel was inadequate, but also that the inadequacy prejudiced [the parent's] rights to the extent that the merits of the juvenile court's decision are called into serious question." T. L. , 358 Or. at 702, 369 P.3d 1159 (citing Geist , 310 Or. at 191, 796 P.2d 1193 ; (brackets in original)).
Again, mother did not preserve this claim of error. That failure, however, does not necessarily prevent this court from reviewing it *720 on appeal. See M.U.L. II , 281 Or. App. at 128, 380 P.3d 1232 (an unpreserved inadequate-assistance claim in a juvenile dependency case "may be raised for the first time on direct appeal" (citing T. L. , 358 Or. at 702, 369 P.3d 1159 )).
"Although the Supreme Court established in T. L. that claims of inadequate assistance may be raised for the first time on direct appeal" from a termination proceeding, the court cautioned that " 'it is a "rare" case in which the question of whether counsel was inadequate will not require the development of an evidentiary record.' 358 Or. at 702 [369 P.3d 1159]." M.U.L. II , 281 Or. App. at 129, 380 P.3d 1232. We conclude that the case before us is not the rare case that we can resolve in the first instance on appeal. Here, the record is insufficiently developed for us to review mother's claim that counsel provided inadequate assistance by "fail[ing] to request the removal of the GAL at the termination proceeding." See M.U.L. II , 281 Or. App. at 128, 380 P.3d 1232 (declining to reach merits of claim that counsel provided inadequate assistance by failing to request the removal of a GAL when the claim turned on "factual questions that have not been fully developed").
As we did in M.U.L. II , we follow the Supreme Court's guidance in T. L. and "conclude that the appropriate remedy in this case is to remand for an evidentiary hearing under ORS 419B.923 on mother's claim of inadequate assistance of counsel." Id . at 129, 380 P.3d 1232. Accordingly,
"the judgment terminating mother's parental rights is vacated and remanded pending further proceedings in *246 the trial court. On remand, the trial court is instructed to hold an evidentiary hearing pursuant to ORS 419B.923 on mother's claim of inadequate assistance of counsel. If the trial court determines that mother received inadequate assistance of counsel, it shall order a new termination trial; otherwise, the court shall reinstate the judgment terminating mother's parental rights."
Id . ; see also T. L. , 358 Or. at 704, 369 P.3d 1159 (emphasizing that the appropriate remedy is to either "affirm without prejudice to the parent's ability to renew the [inadequate-assistance] claim before the juvenile court under ORS 419B.923 or remand for an evidentiary hearing under ORS 419B.923"); P. W. , 296 Or. App. at 552, 439 P.3d 1042 (vacating and remanding for an evidentiary hearing on the mother's inadequate-assistance claim "under the terms stated in M. U. L. [II ]").
Vacated and remanded.

Mother's first claim relates to her first and second assignments of error, in which mother argues that the juvenile court erred when it appointed a GAL in the termination proceeding without first holding a hearing as required by ORS 419B.231. Mother's second claim relates to her third through fifth assignments of error, in which she argues that "trial counsel was inadequate due to his failure to request removal of the GAL" and, "[a]s a result, mother was deprived of the right to personally participate and direct counsel at the termination proceeding." Finally, mother's third claim relates to her sixth through eighth assignments of error, in which mother contends that, because of those errors, the juvenile court erred when it terminated mother's parental rights to JE, JA, and F.