Argued and submitted October 1, vacated and remanded November 14, 2019

In the Matter of A. M. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. M. W.,
*Appellant.*

Clackamas County Circuit Court
18JU08339; A170886 (Control)

In the Matter of Z. K. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. M. W.,
*Appellant.*

Clackamas County Circuit Court
18JU08340; A170887

453 P3d 628

Appellant in this juvenile dependency case appeals two judgments terminating her parental rights. Appellant asserts first that the juvenile court plainly erred in terminating her parental rights in her absence when she had not received statutorily required notice of the time and place of trial. Second, appellant asserts that she received inadequate assistance of counsel because her lawyer did not object to the juvenile court proceeding without her when the required notice had not been given. *Held*: First, the record does not establish that the juvenile court plainly erred because it does not reflect whether or not appellant received the required notice. Second, appellant presents a colorable argument that she might have received ineffective assistance of counsel because of a lack of notice, and a hearing on that claim is therefore required.

Vacated and remanded.

Heather Karabeika, Judge.

Sarah Peterson, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey,

Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeHoog, Presiding Judge, and Mooney, Judge, and Hadlock, Judge pro tempore.

HADLOCK, J. pro tempore.

Vacated and remanded.

**HADLOCK, J. pro tempore**

After the Department of Human Services (DHS) petitioned to terminate her parental rights to her two children, A and Z, mother appeared for two pretrial hearings. However, mother failed to appear on day that the termination trial was set to begin. Proceeding under ORS 419B.819(7), the juvenile court allowed DHS to present a *prima facie* case. The court then ruled in DHS's favor, terminating mother's parental rights. On appeal, mother contends that she did not receive statutorily required notice of the time and place of trial; given that lack of notice, she argues, the juvenile court plainly erred when it terminated her parental rights in her absence. Alternatively, mother contends that she received inadequate assistance of counsel because her trial lawyer did not object to the juvenile court proceeding without her when the required notice had not been given. For the reasons set forth below, we conclude that the record is not sufficient to establish that the juvenile court plainly erred in the way that mother suggests. However, we also conclude that mother has presented a colorable argument that she might have received inadequate assistance of counsel. Accordingly, we vacate the termination judgments and remand for further proceedings on mother's inadequate-assistance claim.

The pertinent facts are procedural and undisputed for purposes of this appeal. DHS petitioned in October 2018 to terminate mother's parental rights to A and Z, who have different fathers. The court appointed counsel for mother, and she was served with summons directing her to personally appear in the juvenile court on December 18, 2018. Mother made that appearance, and she denied the allegations in the termination petition. At the December hearing, the parties' lawyers and the court also discussed possible dates for a status conference and for trial. A written order, which the court signed on December 18 and subsequently entered in each child's case, informed mother that (among other things) she was required to appear personally at both of those proceedings; the order also set out the dates, times, and locations for each hearing:

"**IT IS ORDERED that the parent(s) must personally appear for:**

"**1.    Settlement Conference** in Clackamas County Circuit Court located at 807 Main Street Oregon City, OR 97045 on:

"Date:    _____    Time: _____

"**2.    Status Conference** in Clackamas County Juvenile Court located at 2121 Kaen Road Oregon City, OR 97045 on:

"Date:    _Feb 19, 2019_    Time: _9 AM_____

"**3.    Trial** in Clackamas County Circuit Court located at 807 Main Street, Oregon City, OR 97045 on:

"Date:    _March 6-7, 2019_   Time: _9 AM_____"

(Boldface in originals.) The record does not reflect whether those written orders were provided to mother either in the courtroom or by mail.

The status conference took place as scheduled in February 2019. Mother and her attorney were present, as were the fathers of both children and their lawyers. The juvenile court had a discussion with A's father and his lawyer about the upcoming trial dates:

"THE COURT:    [A's father], good morning.

"[A's FATHER]:    Good morning.

"THE COURT:    You understand the trial's set for March 6th and 7th, and that's going to be downtown at the downtown courthouse, correct?

"[COUNSEL FOR A's FATHER]:    That is correct.

"THE COURT:    You know where that is?

"[A's FATHER]:    Yes, sir.

"THE COURT:    Okay. So it's very important that you be physically present at those dates or the Court will take action adverse to your rights in your absence, or the Court could very well take action adverse to your rights, does that make sense to you?

"[A's FATHER]:    Yes, sir."

Following that exchange, the court asked counsel for DHS whether she had anything else for the court to address, and she said that she did not. Mother's lawyer then sought to

confirm the dates—and, particularly, the location—for the upcoming trial:

> "[MOTHER'S COUNSEL]: *** I just want to confirm that this—because we're starting on a Wednesday, both Wednesday and Thursday, the dates are going to be at the downtown courthouse, normally we're here on a Wednesday.
>
> "THE COURT: I think because it goes on the Room 200 docket, it will be downtown.
>
> "[MOTHER'S COUNSEL]: Right. I just didn't want there to be confusion about the dates of the week."

After briefly addressing the children's attorney, the juvenile court then asked mother and Z's father about the upcoming trial:

> "THE COURT: Okay. And [Z's father], Mom, you understand where you need to be and what time, dates and times?
>
> "[MOTHER]: Yes, Your Honor.
>
> "THE COURT: Got to be there or the Court's going to take action adverse to your rights, you understand that?
>
> [MOTHER]: Yes, Your Honor."

After Z's father similarly indicated his understanding, the court adjourned.[1]

On the morning of March 6, 2019, the date set for trial, mother's attorney appeared in court, but mother did not. A's father also did not appear; he was incarcerated and, because of logistical complications, had not been transported to the courthouse. Accordingly, new dates were set for the

---

[1] The day of the February status conference, the court signed orders noting the parties' appearance at that hearing and stating, "All parties to appear for trial on Wednesday, March 6th and Thursday March 7th, 2019, at 807 Main St., Oregon City, OR 97045." However, those orders did not provide any additional information about the parents' obligations with respect to the upcoming trial (such as the consequences of a failure to appear) and the record does not reflect whether copies of those orders were provided to mother. DHS does not contend that the February orders could have satisfied the notice requirements of ORS 419B.820, discussed later in this opinion; accordingly, we do not discuss the February orders further.

termination trial involving his parental rights with respect to A.[2]

Shortly after 9:15 a.m., DHS asked that mother be found in default based on her failure to appear and that the agency "be permitted to proceed with a *prima facie*" case with regard to her parental rights. Mother's attorney objected, but he did not argue that the court lacked authority to proceed to trial in mother's absence. Rather, mother's attorney noted that different dates had just been established for the trial on the parental rights of A's father, and counsel asked the court to consider setting over the trial on mother's parental rights to those same dates. Mother's lawyer asserted that mother's arrival might have been affected by the weather; in addition, he stated that she "had some health issues that are also a barrier."

The court denied the motion for a continuance. It then granted a motion by mother's counsel to be relieved from representing mother in the termination proceeding. The court allowed DHS to present a *prima facie* case for termination and, at the end of that proceeding, orally ruled that mother's parental rights would be terminated.

By letter dated the same date as the trial, and entered into one of the juvenile court files a few days later, mother apologized to the juvenile court judge for her absence, asserting that she had been confused about where she was supposed to be. Mother generally pleaded for the court's help but did not make any specific requests beyond asking the court to tell her what to do. On April 1, 2019, the court entered judgments terminating mother's parental rights.

Mother raises several arguments on appeal, two of which relate to the juvenile court holding the termination trial and terminating mother's parental rights in her absence. First (in conjunction with her first and second assignments of error), mother argues that the juvenile court plainly erred when it terminated her parental rights. She bases that argument on ORS 419B.819(7) and ORS 419B.820, which "authorize a court to terminate a parent's rights in the parent's

---

[2] During that hearing, Z's father executed documents relinquishing his parental rights. Neither A's father nor Z's father is a party to this appeal.

absence when the parent fails to appear and the court complied with the notice requirements of ORS 419B.820." *Dept. of Human Services v. K. M. J.*, 276 Or App 823, 829, 370 P3d 1258 (2016). Mother contends that she did not receive the required notice before the termination trial. She acknowledges that she did not object (through counsel) to the juvenile court proceeding in the absence of the required notice, but she argues that the court plainly erred in that regard and urges us to exercise our discretion to correct the error. Second (in conjunction with her third and fourth assignments of error), mother argues that she received inadequate assistance of counsel when her lawyer did not object to the termination trial proceeding in her absence; she asserts that her lawyer should have objected based on the lack of notice under ORS 419B.820. We discuss both of those arguments below, ultimately concluding that this case must be remanded to the juvenile court for resolution of mother's claim of inadequate assistance of counsel. Resolution of mother's remaining arguments, presented in her fifth through sixteenth assignments of error, does not require extended discussion; we reject some of those arguments on the merits and need not reach others, given the remand.[3]

---

[3] We reject without further discussion mother's fifth and sixth assignments of error (related to the denial of a continuance), mother's seventh and eight assignments of error (related to vacating the appointment of mother's attorney in the termination proceeding), and mother's eleventh through fourteenth assignments of error (related to mother's assertion that the trial court should have taken certain actions *sua sponte* after receiving her letter apologizing for not appearing at trial). We need not address mother's ninth and tenth assignments of error, in which she argues that her attorney provided inadequate assistance when he asked the court to allow him to withdraw from further representation; if mother reiterates that inadequate-assistance claim on remand, the juvenile court will have an opportunity to address it then. Finally, we cannot presently resolve all aspects of mother's fifteenth and sixteenth assignments of error, in which she contends that the juvenile court erred by terminating her parental rights because the termination proceedings were fundamentally unfair. Although this opinion rejects mother's arguments about certain aspects of the proceeding (such as the denial of her continuance motion), it will be up to the juvenile court on remand to determine whether mother's attorney provided inadequate assistance of counsel and, if so, whether that inadequate representation prejudiced mother, depriving her of a fundamentally fair trial. *See Dept. of Human Services v. M. E.*, 297 Or App 233, 441 P3d 713 (2019) (in assessing an inadequate-assistance claim in this context, a court must consider whether the underlying proceeding was fundamentally fair). To the extent that the fifteenth and sixteenth assignments of error may be understood to encompass arguments independent from mother's inadequate-assistance claims, we reject those additional arguments without further discussion.

We start by addressing mother's argument that the juvenile court plainly erred by terminating her parental rights in her absence. ORS 419B.819(7) describes the circumstances under which a juvenile court may terminate a parent's parental rights after the parent fails to appear for a hearing:

> "If a parent fails to appear for any hearing related to the petition, *** as directed by summons or court order under this section or ORS 419B.820, the court, without further notice and in the party's absence, may:
>
> "(a)   Terminate the parent's rights *** [.]"

ORS 419B.820 describes the type of notice that is necessary once a parent has appeared in response to a summons and has contested the termination petition. It requires the court to give the parent specific information, including the time, place, and purpose of the next hearing; it also requires the court to inform the parent that, if the parent does not personally appear, the court may terminate the parent's parental rights. ORS 419B.820(1), (2), (5). In addition, the statute requires the court to provide that information to the parent in a specified form: "by written order provided to the parent in person or mailed to the parent *** or by oral order made on the record." ORS 419B.820.[4]

---

[4] In its entirety, ORS 419B.820 provides:

"If the parent appears in the manner provided in ORS 419B.819(2)(b) or (c) and the parent contests the petition, the court, by written order provided to the parent in person or mailed to the parent at the address provided by the parent or by oral order made on the record, shall:

"(1) Inform the parent of the time, place and purpose of the next hearing or hearings related to the petition;

"(2) Require the parent to appear personally at the next hearing or hearings related to the petition;

"(3) Inform the parent that, if the parent is represented by an attorney, the parent's attorney may not attend the hearing in place of the parent;

"(4) Inform the parent that, if the court has granted the parent an exception in advance under ORS 419B.918, the parent may appear in any manner permitted by the court under ORS 419B.918; and

"(5) Inform the parent that, if the parent fails to appear as ordered for any hearing related to the petition, the court, without further notice and in the parent's absence, may:

"(a) Terminate the parent's rights or, if the petition seeks to establish a permanent guardianship, grant the guardianship petition either on the date specified in the order or on a future date; and

"(b) Take any other action that is authorized by law."

Here, mother acknowledges that, following the December 2018 hearing, the court entered written orders setting out the dates, times, and locations for the status conference and trial. Mother does not contend that those written orders lack any of the information required by ORS 419B.820. Rather, she raises the question of whether she was provided with the orders, observing accurately that "the court did not read or otherwise verbally recount its orders to mother while she was in the courtroom, and the record does not reflect that the order was given to mother personally or mailed to her last-provided address." Mother concludes that, given the lack of required notice, the juvenile court did not have authority under ORS 419B.819(7) to terminate her parental rights in her absence. Mother acknowledges that she did not bring the issue to the juvenile court's attention. Nonetheless, she asks us to reverse on the ground that the juvenile court plainly erred in proceeding to trial and terminating her parental rights.

In response, the state acknowledges that "it is unclear from the trial court file whether mother was provided with a copy of [the December orders], either in person or by mail." Nonetheless, it argues, we should not exercise our discretion to correct any plain error that the juvenile court might have committed because, among other things, mother received all required information in other ways, including from the juvenile court's statements at the February status conference.

We have discretion to address an unpreserved claim of error only if the error is "plain," that is, if it (1) is an error of law, (2) it is "obvious, not reasonably in dispute," and (3) it appears on the record, "so that we need not go outside the record to identify the error or choose between competing inferences, and the facts constituting the error are irrefutable." *State v. Zolotoff*, 275 Or App 384, 397, 365 P3d 131 (2015). Even when a trial court has plainly erred, we generally have discretion to decide whether to correct that error, taking into account a variety of factors, including "the ends of justice in the particular case." *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991).

After reviewing the record, we are not persuaded that, under the circumstances of this case, it is *plain* that

the juvenile court erred by proceeding to trial in mother's absence. As noted, mother does not dispute that the February 2019 orders provided all of the information required under ORS 419B.820. Although the record does not establish that mother was provided with those orders in person or by mail, as ORS 419B.820 requires, the record also does not establish that mother was *not* given the orders. The juvenile court signed the orders on the day of the December hearing, and it is plausible to think that copies of the orders might have been handed to mother at that hearing in a way that the record simply does not reflect. Because we would have to go outside the record to determine whether that happened, we cannot determine on this record that the juvenile court failed to provide the required notice.[5]

We turn to mother's related "inadequate assistance of counsel" argument, in which she contends that her trial lawyer should have objected to the court proceeding with the termination trial in mother's absence, given what she contends is the lack of proper notice under ORS 419B.820. The state responds that mother was not prejudiced by any inadequacy of her counsel, again emphasizing that mother had received information about the date, time, and location of trial in other ways.

In a parental rights termination case, a parent may raise a claim of inadequate assistance of counsel on direct appeal. *Dept. of Human Services v. M. E.*, 297 Or App 233, 245, 441 P3d 713 (2019). A parent may also raise that kind of claim in the juvenile court under ORS 419B.923, even while an appeal is pending. *Dept. of Human Services v. T. L.*, 358 Or 679, 702, 369 P3d 1159 (2016). In either forum, a parent raising an inadequate-assistance claim "bears the burden

---

[5] Significantly, this is *not* a circumstance in which a law required the court to make a record of having provided the statutorily required notice; if the applicable law did so require, a record that did not reflect provision of the notice could establish plain error. Moreover, this case differs materially from *K. M. J.* and *Dept. of Human Services v. A. W.*, 274 Or App 493, 498, 361 P3d 58 (2015), on which mother relies. In those cases, the state conceded that the juvenile court had never issued a notice complying with ORS 419B.820 after the parent made an appearance in response to summons. *K. M. J.*, 276 Or App at 827; *A. W.*, 274 Or App at 498. Here, in contrast, the juvenile court did sign and enter orders that mother concedes include the required information; the only question is whether those orders were *given* to mother, either in person or by mail.

of proving 'not only that trial counsel was inadequate, but also that the inadequacy prejudiced the parent's rights to the extent that the merits of the juvenile court's decision are called into serious question.'" *M. E.*, 297 Or App at 245 (quoting *T. L.*, 358 Or at 702; internal brackets omitted). If the parent raises the claim in our court and the record on appeal is insufficient to establish whether the parent is entitled to relief, we may either "affirm without prejudice to the parent's ability to renew the claim before the juvenile court under ORS 419B.923 or remand for an evidentiary hearing under ORS 419B.923." *T. L.*, 358 Or at 704.

Here, mother has established a colorable claim that her counsel *might have* performed inadequately when he failed to object to the court proceeding to trial on the ground that mother had not received proper notice under ORS 419B.820. As discussed above, the record does not reflect that mother received the required notice, and it is possible that she did not. Conversely, it also is possible that mother *was* provided copies of the December 2018 orders, either in person or by mail, and that the court simply failed to make a record of that action. The record on appeal also does not reflect all of the other ways in which mother might—or might not—have received notice and been given reminders about when and where to appear for trial. Extra-record matters of which we are not, and cannot be, aware could end up suggesting additional ways in which mother might—or might not—have been prejudiced by her counsel's failure to object. In short, we cannot tell, on this record, whether mother's attorney had a viable basis for making the objection that mother contends he should have made; nor can we determine whether mother was prejudiced by her attorney's failure to do so.

We conclude, as we have in analogous circumstances, that the appropriate remedy is to vacate the judgments terminating mother's parental rights and to remand for a hearing on mother's inadequate-assistance claim. *See M. E.*, 297 Or App at 245-46 (ordering that disposition); *Dept. of Human Services v. P. W.*, 296 Or App 548, 552, 439 P3d 1042 (2019) (same); *Dept. of Human Services v. M. U. L.*, 281 Or App 120, 129, 380 P3d 1232 (2016) (same). We remand with specific instructions:

"On remand, the trial court is instructed to hold an evidentiary hearing pursuant to ORS 419B.923 on mother's claim of inadequate assistance of counsel. If the trial court determines that mother received inadequate assistance of counsel, it shall order a new termination trial; otherwise, the court shall reinstate the judgment[s] terminating mother's parental rights."

*M. U. L.*, 281 Or App at 129.

Vacated and remanded.