***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted October 28, 2021, affirmed July 20, 2022

In the Matter of C. B. P.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

C. B. P.,
*Appellant.*
Malheur County Circuit Court
20CC06237; A175036

Erin K. Landis, Judge.

Alexander Cambier and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Kamins, Presiding Judge, and Lagesen, Chief Judge, and Joyce, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Appellant appeals a judgment of involuntary civil commitment and a firearms-prohibition order based upon a finding that appellant has a mental illness. He argues that the trial court committed plain error in ordering a second postponement of his civil commitment hearing. We affirm.

The relevant facts are procedural and undisputed. Appellant's civil commitment hearing was set on the fourth judicial day after he was placed on a hospital hold. At the hearing, appellant refused to appear. His counsel requested a continuance "for more time to work with [appellant] and prepare for this case." The trial court granted that postponement.

At the next scheduled hearing, hospital staff reported that appellant had "decided not to appear to court because he asked for a different attorney." Appellant's counsel told the court that appellant had remembered him from a previous representation and refused to work with him again. The court ordered a second postponement, finding that "there's a good basis to continue to make sure" that appellant had "effective assistance of counsel."

The trial court held a full commitment hearing at the next setting, during which appellant was present with the assistance of counsel. The trial court ultimately found appellant had a mental illness that made him dangerous to himself or others and entered an order of commitment.

On appeal, appellant raises a single assignment of error, arguing that the trial court erred by failing to dismiss the case when appellant's civil commitment hearing occurred more than five judicial days after appellant's initial requested postponement. Specifically, appellant argues that the trial court's second postponement was unlawful because ORS 426.095(2)(c) does not authorize a court to postpone a civil commitment hearing on its own motion or beyond five judicial days. Appellant acknowledges that his claim is unpreserved but asks we review it as plain error. *See* ORAP 5.45(1) (as an exception to the general appellate requirement of preservation, "the appellate court may, in its discretion, consider a plain error"); *State v. Dilallo*, 367 Or

340, 344, 478 P3d 509 (2020) (an error is "plain" if it is an error of law, is obvious and not reasonably in dispute, and is apparent from the record without our needing to choose among competing inferences). Because we conclude that the trial court did not commit plain error, we affirm.

A physician may detain a person for emergency care or treatment for mental illness, provided that the physician immediately notifies certain specified local mental health personnel. ORS 426.232(2). However, the person may not be held for longer than five judicial days without a hearing except in certain circumstances. *See* ORS 426.232(2); ORS 426.234(4); ORS 426.095(2). One circumstance is that the court "for good cause, may postpone the hearing for not more than five judicial days in order to allow preparation for the hearing," when requested by qualifying parties, including the person alleged to have mental illness. ORS 426.095(2)(c) ("If a person is detained before a hearing * * * and the hearing is postponed under this paragraph, the court, for good cause, may allow the person to be detained during the postponement if the postponement is requested by the person or the legal counsel of the person.").

As an initial matter, the record does not demonstrate—without a need to choose between competing inferences—that it was the trial court, as appellant suggests, that postponed the hearing the second time on its own motion. An equally plausible inference is that the trial court postponed the hearing at appellant's request, as permitted under ORS 426.095(2)(c).[1] At the second setting of the commitment hearing, hospital staff reported that appellant refused to appear "because [appellant] *asked for* a different lawyer." (Emphasis added.) In ordering the postponement, the trial court noted that "if a person won't talk to his attorney and that there's actually a historical basis for that reason," it constituted a good cause basis to postpone the hearing to make sure that appellant "has effective assistance of counsel." We are thus confronted with competing inferences that render appellant's claim of error unreviewable as plain error: It is not clear whether the trial court ordered the

---

[1] As discussed below, appellant's argument that more than one postponement is not permitted under the statute is also not reviewable as plain error.

second postponement to facilitate appellant's request for the purpose of appointing a new attorney to represent him or whether, as appellant contends, the trial court ordered the postponement on its own motion.

In all events, it is not obvious and beyond reasonable dispute that ORS 426.095(2) compels the interpretation appellant argues, namely, that the court can only grant a single five-day postponement of a commitment hearing. ORS 426.095(2) provides that the trial court, "for good cause, may postpone the hearing for not more than five judicial days in order to allow preparation for the hearing" when requested by a qualifying party. That text—that the trial court "may postpone the hearing for not more than five judicial days"— can also be read to mean, as the state argues, that multiple postponements are allowed as long as each single postponement does not exceed five days. Appellant's claim of error is thus not "obvious" as necessary for plain error. *See, e.g.*, *Dept. of Human Services v. M. E.*, 297 Or App 233, 244, 441 P3d 713 (2019) (error is not plain when an unpreserved claim of error poses an open question of statutory construction, and no appellate case has addressed).

Finally, even if we were to conclude that the trial court committed plain error, we would decline to exercise our discretion to correct it in these circumstances. *Dilallo*, 367 Or at 344 (if the court committed a plain error, we must decide whether to exercise our discretion to correct it). We correct unpreserved errors with "utmost caution," *State v. Benson*, 246 Or App 262, 267, 265 P3d 58 (2011), considering various factors, including "the gravity of the error" and "the ends of justice in the particular case," *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991).

At the second scheduled hearing, appellant refused to appear because he wanted a different attorney. Although the court has the authority to move forward with the hearing in the appellant's absence, the trial court chose to facilitate appellant's request for new counsel. *See* ORS 426.070(5)(a) (recognizing a trial court's authority to move forward with a commitment hearing in absence of an allegedly mentally ill person who "fails to appear"). At the next setting of the hearing, appellant was present and received the assistance

of counsel. Under such circumstances, we find that appellant's alleged claim of error was not grave, and we are not persuaded that the ends of justice require us to correct any error.

Affirmed.