Submitted January 11, reversed and remanded March 9, 2016

In the Matter of C. C. P.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

K. M. J.,
*Appellant.*

Grant County Circuit Court
2261JU;
Petition Number 13226104JU;
A156590 (Control)

In the Matter of S. L. P.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

K. M. J.,
*Appellant.*

Grant County Circuit Court
2262JU;
Petition Number 13226204JU;
A156591

370 P3d 1258

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

EGAN, J.

Armstrong, P. J., dissenting.

**EGAN, J.**

Mother appeals a judgment terminating her parental rights to her children, C and S. The juvenile court terminated mother's rights after she failed to personally appear for her termination trial. Mother argues that, because the court did not provide her with the notice required by ORS 419B.819 and ORS 419B.820, the court lacked authority to terminate her rights. The Department of Human Services (DHS) concedes that the court did not provide mother the notice required by statute, but argues that mother failed to preserve her argument below and, even if we conclude that the court plainly erred, we should not exercise our discretion to correct the error. We conclude that the juvenile court plainly erred and that it is appropriate to exercise our discretion to correct the error. Accordingly, we reverse and remand.

The issues on appeal relate to whether the court was authorized by statute to terminate mother's parental rights. That is a legal question that we review for legal error. *Dept. of Human Services v. A. W. (A158694)*, 274 Or App 493, 361 P3d 58 (2015). The facts are procedural and undisputed.

On July 15, 2013, the state filed petitions to terminate mother's parental rights to C and S. On October 18, 2013, mother was served with summons in Idaho. The summons directed mother to **"file a written answer to the petition no later than 30 days after the date you were served with this summons admitting or denying the allegations in the petition."** (Boldface in original.) The summons also stated:

> "If you do not file a written answer as directed above, or do not appear at any subsequent court-ordered hearing, **the court may proceed in your absence and without further notice to TERMINATE YOUR PARENTAL RIGHTS to the above-named children either on the date an answer is required by THIS SUMMONS OR ON A FUTURE DATE, and may make such orders and take such action as authorized by law."**

(Boldface and capitalization in original.)

Mother filed a timely written answer denying the allegations in the petition and the court issued a "notice of trial" stating that the termination trial was set for March 6 and 7, 2014.

In February 2014, mother wrote letters to her attorney, DHS, and the court, indicating that she was aware that the trial was scheduled for March 6 and 7, but that she lacked transportation to the hearing in Oregon and had no telephone. Those letters were addressed from Washington. Mother's attorney moved to withdraw, stating in the motion that he had had "no direct contact with [mother] for several months." The court denied the motion.

Mother did not appear on March 6, 2014, at the time set for her termination trial. However, mother's attorney was present. The court asked mother's attorney if mother was present when the court set the date for the termination trial. Her attorney replied that she was not present, but he stated that it is his office's practice to send copies of "notices of trial" to clients, although his office would have sent that information to mother's address in Idaho not Washington. The court and mother's attorney then had the following exchange:

"[THE COURT]: So, [mother's attorney], can you think of any reason the court shouldn't proceed with the trial this morning?

"[MOTHER'S ATTORNEY]: No, Your Honor, I can't."

The court then allowed DHS to present evidence and testimony in mother's absence, including testimony that mother has mental illness and "borderline IQ functioning." After DHS presented its case, the court ruled from the bench, stating:

"I'm finding that mother had adequate notice of this hearing today and has chosen to absent herself from the hearing, based upon [mother's attorney's] remarks to the court that it's his practice to send notice of the time of the trial to his clients and that he believes he did so in this case."

The court also noted that a DHS case worker testified that she had recently spoken with mother and discussed the date of the termination trial, and the court observed that

mother's letter to the court indicates that she knew the date of the trial.

Ultimately, the court entered a judgment terminating mother's parental rights. The judgment stated that mother "did not appear as summoned, although served as required by law."

On appeal, mother argues that the court did not give mother the notice required by ORS 419B.820 and the court lacked the authority to terminate her rights. Acknowledging that that argument is unpreserved, mother argues that the court's error was plain and that we should exercise our discretion to correct it. DHS concedes that, although the court issued a "notice of trial" after mother filed her written answer in response to the summons, such notice does not comply with ORS 419B.820. Moreover, DHS argues that, even if the court plainly erred, we should not exercise our discretion to correct the error.

ORS 419B.819(7) authorizes the juvenile court to terminate a parent's parental rights in the parent's absence when the parent fails to appear at a hearing related to the petition. ORS 419B.819(7) provides, in relevant part:

"If a parent fails to appear for any hearing related to the petition, or fails to file a written answer, *as directed by summons or court order under this section or ORS 419B.820*, the court, without further notice and in the parent's absence may:

"(a)   Terminate the parent's rights * * *."

(Emphasis added.)

ORS 419B.819(1) dictates the contents of a summons:

"A court may make an order * * * terminating parental rights * * * only after service of summons and a true copy of the petition on the parent * * *."

ORS 419B.819(2), in turn, provides, in relevant part:

"A summons under this section must require one of the following:

"(a) That the parent appear personally before the court *at the time and place specified in the summons* for a hearing on the allegations of the petition;

"* * * * *

"(c) *That the parent file a written answer to the petition within 30 days from the date on which the parent is served with the summons.*"

(Emphases added.)

ORS 419B.820, in turn, provides:

*"If the parent appears in the manner provided in ORS 419B.819 (2)(b) or (c) and the parent contests the petition,* the court, by written order provided to the parent in person or mailed to the parent at the address provided by the parent or by oral order made on the record, shall:

"(1) *Inform the parent of the time, place and purpose of the next hearing or hearings related to the petition;*

"(2) Require the parent to appear personally at the next hearing or hearings related to the petition;

"(3) *Inform the parent that, if the parent is represented by an attorney, the parent's attorney may not attend the hearing in place of the parent;*

"(4) Inform the parent that, if the court has granted the parent an exception in advance under ORS 419B.918 [telephonic testimony or other electronic means], the parent may appear in any manner permitted by the court under ORS 419B.918; and

"(5) *Inform the parent that, if the parent fails to appear as ordered for any hearing related to the petition, the court, without further notice and in the parent's absence, may:*

"(a) *Terminate the parent's rights * * *."*

(Emphases added.)

Mother notes that she appeared in the manner provided in ORS 419B.819(2)(c), by filing a written response contesting the petition. ORS 419B.820. The court then scheduled a date for the termination trial but did not issue a new order or summons that complied with the notice requirements of ORS 419B.820(1) to (5). Significantly, the court did not notify mother of the time and place of the next

hearing, inform her that she was required to appear personally, or inform her that, if she failed to appear personally, the court could terminate her rights in her absence. Mother argues that, because the court did not comply with the notice requirements of ORS 419B.820, the court did not have authority to terminate her rights under ORS 419B.819(7). As noted, DHS concedes that the court did not follow the requirements of ORS 419B.820.

Indeed, the record does not show that the court complied with the notice requirements of ORS 419B.820. Moreover, ORS 419B.819(7) and ORS 419B.820 authorize a court to terminate a parent's rights in the parent's absence when the parent fails to appear and the court complied with the notice requirements of ORS 419B.820. Consequently, we conclude that the trial court erred.

We also conclude that the error is plain. To qualify as plain error, the error must (1) be a legal error; (2) be apparent, meaning that the legal point is obvious and not reasonably in dispute; and (3) appear on the face of the record such that we "need not go outside the record or choose between competing inferences to find it." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). The error is plain, here, because each of those conditions is met. Even if an error is plain, we must still decide whether to exercise our discretion to correct the error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (stating that factors include "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way").

DHS argues that mother had actual knowledge of the date of the termination trial, therefore two factors— the competing interest of the parties and the gravity of the error—militate against correcting the error. We are not persuaded by DHS's argument.

In this case it is undisputed that mother actually knew the date of the termination trial. It is also undisputed

that, more than one year before the date set for the termination trial, mother received a summons that stated:

> "If you do not file a written answer as directed above, or do not appear at any subsequent court-ordered hearing, **the court may proceed in your absence and without further notice** TERMINATE YOUR PARENTAL RIGHTS[.]"

(Boldface and capitalization in original.) Thus, if mother, whom the record indicates has mental illness and borderline intellectual functioning, had read, comprehended, and remembered the 2013 summons, she would have understood that her failure to appear at the termination trial could have resulted in the termination of her parental rights even in her absence. That connection is too tenuous to persuade us that the error is not sufficiently grave or that mother's interest in a fundamentally fair termination proceeding is outweighed, here, by the state's interests. That is especially so in light of the legislature's clear direction, embodied in ORS 419B.820, as to what constitutes sufficient notice in these circumstances. On these facts, we will not assume, on less firm grounds than those required by the legislature, that mother knew the consequences of her failure to appear, nor will we use that assumption as a basis for declining to exercise our discretion to correct error that is plain.[1]

DHS also argues that we should decline to exercise our discretion to correct the error because mother's attorney told the court that he could not think of a reason why the court should not proceed with the termination hearing in mother's absence. We agree that mother's attorney did not put that issue before the court and, thus, the policies behind preservation were not well served in this instance. Even so, we readily decide to exercise our discretion. As we have recently concluded under similar circumstances, a

---

[1] The dissent observes that mother's counsel may have made strategic choices that influenced when and how the questions at issue in this case would be presented to a court. *Ailes* counsels us to consider the parties' interests, among other things, when deciding whether to exercise our discretion. Paramount, here, is the interest in a fundamentally fair proceeding. Regardless of the gamesmanship the dissent believes is afoot, the simple fact remains that mother's counsel has complied with the procedures outlined in statutes and case law. The court has not. Given that the fundamental right of parenthood is at stake and procedural fairness is our lodestar, we are persuaded to exercise our discretion.

trial court's termination of a parent's rights after failing to give the notice required by statute is an error that we will exercise our discretion to correct "given the magnitude of [a parent's] interest in a fundamentally fair termination proceeding." *A. W.*, 274 Or App at 500.

Reversed and remanded.

**ARMSTRONG, P. J.,** dissenting.

The majority concludes that the trial court committed plain error by failing to give mother the notice required by ORS 419B.820 when it scheduled the termination trial in this case, and the majority exercises its discretion to correct the error by reversing the judgments that terminated mother's parental relationship with her two children. I agree that the trial court committed plain error by failing to comply with ORS 419B.820. However, I believe that the majority's decision to correct the error is fundamentally flawed because it fails to consider the import of mother's motion under ORS 419B.923 to set aside the termination judgments, which the trial court denied and we affirmed. *Dept. of Human Services v. K. M. J.*, 272 Or App 506, 356 P3d 1132, *rev den*, 358 Or 145 (2015).

Mother filed her motion to set aside the termination judgments after the record had been settled on the appeal of those judgments, that is, after appellate counsel had had an opportunity to review the record to identify any errors in the proceeding. At mother's request, we held the termination appeal in abeyance pending a decision by the trial court on mother's set-aside motion and a decision by us on her appeal of the trial court's order denying her motion. Significantly, mother chose *not* to raise in her motion the error on which her appeal in this case is based—*viz.*, the trial court's failure to comply with ORS 419B.820—notwithstanding that the error is one that she could have raised in her motion. *See* ORS 419B.923. Had mother raised the ORS 419B.820 error in her motion, the trial court could have heard evidence bearing on the error and could have decided whether to set the termination judgments aside as a result of the error. As I will explain, I believe that the trial court almost certainly would have concluded that the ORS 419B.820 error had not prejudiced mother and, hence, that the court would have

denied mother's motion on that ground as well as on the other ground on which the court denied the motion—*viz.*, that mother's failure to appear at the termination trial was not the product of excusable neglect—and we would have affirmed the trial court's decision on both grounds. I believe that mother's decision *not* to raise the ORS 419B.820 error with the trial court in her set-aside motion was designed to prevent the trial court from doing that and to allow mother to frame the issue to us as one of plain error on a record that would lead us to exercise our discretion to correct the error. I do not believe that we should countenance that effort.

The state filed a petition to terminate mother's parental relationship with her two children and served a copy of the termination petition and summons on mother on October 18, 2013, in Lewiston, Idaho, where she was living with her mother. The summons provided, as pertinent:

"IN THE NAME OF THE STATE OF OREGON:

"A petition has been filed asking the court to terminate your parental rights to the above-named children for the purpose of placing the children for adoption. A copy of the petition is attached.

"**You are directed to file a written answer to the petition no later than 30 days after the date you were served with this summons admitting or denying the allegations in the petition** and informing the court of your current residence address, mailing address and telephone number. **Your answer should be mailed to** Grant County Courthouse, P.O. Box 159, Canyon City, Oregon 97820. **An attorney may not attend any court-ordered hearing in your place. Therefore, you must appear even if your attorney also appears.**

"NOTICE

"READ THESE PAPERS CAREFULLY

"If you do not file a written answer as directed above, or do not appear at any subsequent court-ordered hearing, **the court may proceed in your absence and without further notice TERMINATE YOUR PARENTAL RIGHTS to the above-named children either on the date an answer is required by THIS SUMMONS OR ON A FUTURE DATE, and may make such orders and take such action as authorized by law.**

## "RIGHTS AND OBLIGATIONS

"* * * * *

"(2)  If you contest the petition, the court will schedule a hearing on the allegations of the petition and order you to appear personally and may schedule other hearings related to the petition and order you to appear personally."

(Boldface and underlining in original.)

Through her lawyer, mother filed an answer to the petition on November 8, 2013. One week later, the court set a two-day termination trial for March 6 and 7, 2014. The court sent notice of the trial date to the parties, but a copy of the notice is not in the trial court file. Mother's attorney received the notice and apparently mailed it to mother at the Idaho address at which mother had been served with the petition and summons. However, mother moved from Idaho to the state of Washington at some point, and it is not known if mother received the trial notice from her attorney.

By letters dated February 16, 2014, mother told the court, DHS, and her lawyer that she was living at an address in Clarkston, Washington, and knew that the termination trial was scheduled for March 6 and 7, 2014, but she had no phone or ability to get to the trial and, hence, would not attend it. She also reported the progress that she had made in addressing some of the issues that had led to the dependency proceedings and asked that the dependency case be transferred to Washington.

Mother's lawyer received the February 16 letter from mother on February 24, 2014. He mailed a responsive letter to mother the same day that told her that it was too late to transfer the case to Washington and that she needed to attend the trial and bring with her records of her completion of services and to call him "as soon as possible." Mother did not respond to her lawyer's letter, which led him to move on March 4, 2014, to withdraw as her lawyer. The trial court denied the motion that day.

When mother failed to appear at the termination trial on March 6, the court allowed DHS to present a *prima facie* case for termination. Based on the evidence presented

at trial, the court found by clear and convincing evidence that the grounds for termination of mother's parental rights had been proven, and it entered judgments terminating mother's parental rights on March 6, 2014.

Mother called DHS on March 7, 2014, to give it her new phone number and was told that the court had entered termination judgments on March 6. As noted earlier, mother appealed those judgments through appellate counsel, and the appellate record was settled on May 28, 2014. Mother thereafter filed on June 2, 2014, a motion in the trial court under ORS 419B.923 that sought to set the termination judgments aside based on mother's excusable neglect in failing to appear at the trial. The motion did *not* include as a basis to set the judgments aside the trial court's failure to send mother a notice of the termination trial that complied with ORS 419B.820, *viz.*, a written notice mailed to mother that told her that she had to appear personally at the trial and that her parental rights could be terminated if she failed to do that. After mother filed her ORS 419B.923 set-aside motion, mother's appellate counsel moved on June 16, 2014, to hold the appeal of the termination judgments in abeyance pending a decision on mother's set-aside motion, which we granted.

The trial court denied mother's set-aside motion by order on June 20, 2014, on the ground that mother had not established excusable neglect for her failure to appear at the termination trial. Mother appealed that order and later sought to sever the appeal of the set-aside order from the appeal of the termination judgments and to hold the latter appeal in abeyance pending our decision on the appeal of the set-aside order. We granted that motion and thereafter affirmed the order denying mother's set-aside motion. While mother's petition for Supreme Court review of our decision was pending, we reinstated the appeal of the termination judgments. The Supreme Court denied review on October 22, 2015, and the termination appeal was submitted to us for decision on January 11, 2016.

As noted, the error that mother raises as plain error on appeal is the trial court's failure to comply with ORS 419B.820, which, as pertinent, required the court to send mother a written trial notice that told her that she had

to personally appear at the termination trial and that the court could terminate her parental rights if she did not do that. Significantly, however, the summons that mother had received *less than one month before the court set the trial date* had told her those things. Again, the summons said:

> **"An attorney may not attend any court-ordered hearing in your place. Therefore, you must appear even if your attorney also appears.**
>
> "\* \* \* \* \*
>
> "If you \* \* \* do not appear at any subsequent court-ordered hearing, **the court may proceed in your absence and without further notice** TERMINATE YOUR PARENTAL RIGHTS **to the above-named children either on the date an answer is required by THIS SUMMONS OR ON A FUTURE DATE**[.]
>
> "\* \* \* \* \*
>
> **"If you contest the petition, the court will schedule a hearing on the allegations of the petition and order you to appear personally**[.]"

(Boldface in original.)

The majority acknowledges that the summons gave mother on October 18 the information that ORS 419B.820 required the court to give her in a written trial notice on November 15:

> "Thus, if mother, whom the record indicates has mental illness and borderline intellectual functioning, had read, comprehended, and remembered the 2013 summons, she would have understood that her failure to appear at the termination trial could have resulted in the termination of her parental rights in her absence."

276 Or App at 830. The majority is understandably reluctant to attribute that knowledge to mother:

> "On these facts, we will not assume, on less firm grounds than those required by the legislature, that mother knew the consequences of her failure to appear, nor will we use that assumption as a basis for declining to exercise our discretion to correct error this plain."

*Id.*

My problem with the majority's conclusion is that it ignores that mother chose *not* to raise the ORS 419B.820 error in her set-aside motion. Had she raised the error in her motion, she could have been questioned about her understanding of the consequences of her failure to appear at the termination trial. Mother testified by telephone at the hearing on her set-aside motion about the events surrounding her failure to appear at the trial, but she was not asked whether she knew that the court could proceed to terminate her parental rights if she failed to appear at the termination trial. No one posed that question to mother because her understanding of the effect of her failure to appear at the trial was not relevant to her motion, which was limited to whether her failure to appear at the trial was the product of excusable neglect.

In light of the information in this record and mother's testimony at the set-aside hearing, I have little doubt that mother would have acknowledged, if asked, that she knew that she was required to personally appear at the termination trial and that the court could proceed to terminate her parental rights in her absence. I have no doubt that mother hoped, notwithstanding her attorney's contrary statement to her, that the court would agree to transfer the dependency case to Washington and, hence, that the court would not terminate her parental rights when she failed to appear at the termination trial, but that does not excuse her failure to appear at the trial.

I also have little doubt that, had mother raised as a basis to set aside the termination judgments the court's failure to give mother the trial notice required by ORS 419B.820, the trial court would have denied relief on that basis, based on its finding that mother was engaged in a deliberate effort to manipulate the process:

"THE COURT:   * * * I absolutely do not find excusable neglect. This is just a very simple case. This case has been going on since May of 2011. [Mother] has had an attorney throughout those proceedings. She certainly knows to be in contact with her attorney leading up to a serious parental termination case. She simply chose not to do that.

"I absolutely don't buy that there was no way for her to call him. She was calling regularly on a 1-800 number. She's not so inept as to not know how to contact people.

"This is a pattern that's been demonstrated throughout this case, and it was just simply an attempt to manipulate the proceeding. I don't—I absolutely don't find by a preponderance [of evidence] that [she was] acting in good faith, and in any event, I think there were plenty of attempts to try to contact [her] and alert [her]. [She was] aware of the—that the hearing was taking place.

"And I'm looking at the letters that were submitted [to the court and DHS by mother]. There is no request to continue. There is no—any attempt to figure out how to address the current hearing. It was simply, I want to transfer things."

I do not fault trial and appellate counsel for representing mother as they have, including their decision to limit the set-aside motion in the manner that they did and to raise the ORS 419B.820 error as plain error on a record that did not require mother to testify about her understanding of the consequences of her failure to appear at the trial. Mother is entitled to have effective and vigorous representation in opposing the state's effort to terminate her parental relationship with her children. Nonetheless, I believe that the decision to limit the set-aside motion and to present the ORS 419B.820 error as plain error should lead us *not* to exercise our discretion to reverse the termination judgments based on the court's failure to comply with ORS 419B.820. Hence, I respectfully dissent from the majority's contrary decision.