Submitted October 29, affirmed December 4, 2019, petition for review denied March 5, 2020 (366 Or 257)

In the Matter of M. E. B., Jr.,
aka M. B., Jr., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. C. D. B.,
aka M. B.,
*Appellant.*

Malheur County Circuit Court
18JU09183; A171202

454 P3d 846

Mother appeals from a judgment terminating her parental rights with respect to her son, which the juvenile court entered after mother failed to appear at the termination hearing. She contends that the juvenile court erred in not granting a continuance, and then erred by proceeding to termination in her absence under ORS 419B.819 without first issuing an order in compliance with ORS 419B.820. *Held*: In light of the circumstances identified in the juvenile court's order, along with evidence that mother ignored attempts by the Department of Human Services (DHS) to assist her with transportation to the termination hearing, the juvenile court acted well within the bounds of its discretion in denying her motions for a continuance. With regard to mother's arguments that the court erred by proceeding to termination in her absence under ORS 419B.819 without first issuing an order in compliance with ORS 419B.820, the Court of Appeals declined to exercise its discretion to correct those unpreserved claims of error. Mother previously had a colloquy with the juvenile court about the consequences of her failure to appear at the termination hearing, and mother demonstrated that she understood the gravity of such a failure to appear. Moreover, many of the same reasons justifying the court's denial of mother's motions for a continuance also militated against the exercise of discretion in this case: Her son had been in custody for more than three and a half years; she chose to move a month before the termination hearing, knowing both that she was required to appear personally and the consequences if she did not; and she thereafter ignored DHS's efforts to arrange for travel to the termination hearing.

Affirmed.

Lung S. Hung, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Shannon Flowers, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and DeVore, Judge, and Powers, Judge.

LAGESEN, P. J.

Affirmed.

**LAGESEN, P. J.**

Mother appeals from a judgment terminating her parental rights with respect to her son, which the juvenile court entered after mother failed to appear at the termination hearing. She contends that the juvenile court erred in not granting a continuance, and then erred by proceeding to termination in her absence while prohibiting her attorney from participating in the termination hearing. We affirm.

The relevant background facts are procedural and are not disputed on appeal. Mother had received a summons directing her to appear personally for an initial appearance on January 24, 2019. She appeared as required on that date, and the court listed and explained the future hearing dates, including that the termination hearing was scheduled for April 23 through 26, and that mother was required to appear personally at that hearing. The court also explained, at length, the consequences of failing to appear in person:

> "It's important you appear for these hearings. If you do not appear for these hearings, the state can proceed without you. That means they can proceed to present evidence, they could proceed to make arguments, and ask for a judgment from the court.
>
> "If you're not here, your attorney cannot appear. He can be here, but he can't do anything. He can't make any arguments, he can't present any evidence, he can't challenge the state's evidence. So that would mean the state gets to present all the evidence, you would not get to present any evidence, and you probably know what's going to happen there, the side that gets to present evidence is probably going to win most of the time. So it's important that you appear for these proceedings as I've stated and I think you've been summoned to them."

Mother acknowledged that "the trial dates are the 23rd, 24th, 25th, and 26th of April. And I already—if I understood you correctly, if I don't appear, it's basically the state wins by default." The court then clarified that, if mother did not appear, the Department of Human Services (DHS) would "be able to present evidence, you won't be able to present any evidence through your attorney, and then the court would make a decision. So it's not by default, it's essentially one

side will get to present their case and the other side doesn't get to present any evidence. And * * * typically that means that side wins[.]"

Mother subsequently appeared in person at a permanency hearing in February, and the juvenile court again reminded mother to "make sure to appear for" the termination hearing in April. Mother's attorney informed the court that mother was planning to move to Arizona, that he was "concerned about her being here. And she's concerned about not having funds to be here." Mother's attorney stated that he was putting "people on notice" of the move and would like to have mother "speak with DHS to see if there are any service—if this comes about, if there are any—if there's any way for them to help her with transportation."

On March 1, mother appeared in person at a hearing set for mother to admit or deny the allegations in the termination petition, and she denied all allegations regarding her fitness as a parent. During that hearing, mother informed the court that she was moving to Arizona later that month, and the parties discussed how visitation would occur between then and the April termination hearing if mother were in Arizona. Mother requested airline travel and hotel accommodations to visit, but DHS considered that request to be exorbitant under the circumstances, where mother was electing to move just before the termination hearing; the court observed that DHS purchasing a bus ticket for mother would be a reasonable compromise and "more than appropriate between now and the April trial." The hearing ended without any discussion about how mother would return for the termination hearing in April.

On April 17, 2019, mother filed a motion to continue the termination hearing, citing her move to Arizona and her desire to have an interstate compact investigation of her new living arrangements. The following day, the juvenile court denied mother's motion by written order, explaining that mother had been on notice of the trial date since at least January 24, 2019; that mother, who had been living locally since the child's birth, had told the court on March 1 that she intended to move at the end of March but gave no indication that she would not be able to attend the trial;

and that she had not explained why she needed to move less than a month before trial if that would prevent her from complying with the obligation to appear for trial. The court further explained that a continuation would be "extremely prejudicial to the parties and the effective administration of justice" because the child had been in care for over three and one-half years, the hearing was set for four days to accommodate numerous witnesses, and that, because of docketing issues for a hearing of that length, the court would have been required to move the hearing into 2020 or bump other hearings already scheduled.

Mother remained in Arizona and did not show up for the termination hearing on April 23. Her attorney, who did show up, asked the court to reconsider the motion for a continuance and asked the court to allow mother to appear by telephone. The juvenile court took evidence before ruling on those motions, including testimony from a DHS caseworker who said that she had emailed mother with bus schedules and departure points but that mother had ignored requests about travel arrangements in her responses, instead requesting that DHS fly her son to Arizona for visits. The court ultimately denied the motion for mother to appear by phone and again denied the motion for a continuance, adopting its previous findings in the written order. The court then explained that it was not a case in which mother "had missed the bus, something like that," but rather a case where mother intentionally had not appeared at trial.

After denying the renewed motion, the court ruled that mother's absence precluded participation by her attorney under ORS 419B.819(8). That statute provides that, "[i]f the summons requires the parent to appear personally before the court, or if a court orders the parent to appear personally at a hearing in the manner provided in ORS 419B.820, the parent may not appear through the parent's attorney." The court then permitted DHS to proceed in mother's absence pursuant to ORS 419B.819(7)(a), which authorizes the court to terminate a parent's rights "without further notice and in the parent's absence" when "a parent fails to appear for any hearing related to the petition, or fails to file a written answer, as directed by summons or court order under this section or ORS 419B.820." After DHS put on a *prima facie*

case, the court took the matter under advisement; it later issued a judgment terminating mother's parental rights to her son.

Mother appeals from that judgment, advancing four assignments of error. The first two assignments assert that the juvenile court abused its discretion in denying her motions for a continuance. *See Dept. of Human Services v. E. M.*, 268 Or App 332, 335, 341 P3d 216 (2014) (where a parent assigns error to the court's denial of a motion for a continuance of the termination hearing, "we review whether the court's decision was within the range of legally correct discretionary choices and produced a permissible, legally correct outcome"). We reject those two assignments without extended discussion. We agree with DHS that, in light of the circumstances identified in the juvenile court's order, along with evidence that mother ignored DHS's attempts to assist her with transportation, the court acted well within the bounds of its discretion in denying the motions.

In her remaining two assignments of error, neither of which is preserved, mother argues that the court erred by (1) precluding her attorney's participation and (2) proceeding to termination in her absence, because the statutory predicate for those two actions under ORS 419B.819(7) and (8) was missing—specifically, a direction to appear at the termination hearing by court order under ORS 419B.820. Mother argues that, after mother made an initial appearance pursuant to the summons, ORS 419B.820 required the court to issue a "written order provided to the parent in person or mailed to the parent at the address provided by the parent" or an "oral order made on the record" directing the parent to appear. According to mother, neither of those things occurred here, and this court has routinely exercised its discretion to correct plain error in that regard in light of the gravity of the error. *See, e.g.*, *Dept. of Human Services v. K. M. J.*, 276 Or App 823, 830, 370 P3d 1258 (2016) ("On these facts, we will not assume, on less firm grounds than those required by the legislature, that mother knew the consequences of her failure to appear, nor will we use that assumption as a basis for declining to exercise our discretion to correct error that is plain.").

Even assuming that the claimed errors under ORS 419B.819(7) and (8) are plain (which DHS disputes in this case[1]), we decline to exercise our discretion to correct them on this record. *See id.* at 829 ("Even if an error is plain, we must still decide whether to exercise our discretion to correct the error."). In cases like *K. J. M.*, we have been unwilling to simply assume that the parent understood the consequences of not appearing in person. *Id.* at 830 (concluding that it was "too tenuous" to conclude that a parent with "mental illness and borderline intellectual functioning" had actually "read, comprehended, and remembered" the warning provided in a summons issued almost a year before the termination hearing). Here, by contrast, the record leaves no doubt about mother's understanding in that regard. Mother engaged in a colloquy with the court about that precise issue, and mother demonstrated that she understood the gravity of her failure to appear: "[I]f I understood you correctly, if I don't appear, it's basically the state wins by default." Moreover, many of the same reasons justifying the court's denial of mother's motions for a continuance also militate against the exercise of discretion in this case: Her son had been in the state's care for more than three and one-half years; she chose to move a month before the termination hearing, knowing both that she was required to appear personally and the conse-quences if she did not; and she thereafter ignored DHS's efforts to arrange for travel to the termination hearing. Under the circumstances of this case, we decline to exercise our discretion to correct any error the juvenile court may have committed under ORS 419B.819 by not first issuing an order in compliance with ORS 419B.820.

Affirmed.

---

[1] DHS argues that, given the juvenile court's extended discussion with mother at the January hearing about the consequences of her failure to attend the termination trial in person, it is at least arguable that the court made an oral order on the record at that hearing that complied with ORS 419B.820. *Cf. Dept. of Human Services v. C. M. W.*, 300 Or App 561, 570, 453 P3d 628 (2019) (concluding that the parent had not demonstrated plain error in failing to comply with ORS 419B.820 where it was "plausible to think that copies of the orders might have been handed to mother at [a] hearing in a way that the record simply does not reflect").