Submitted May 7, reversed and remanded June 16, 2021

In the Matter of J. C. G.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. C. G.
and K. C. M.,
*Appellants.*

Benton County Circuit Court
20JU02477; A174971 (Control)

In the Matter of J. C. G.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. C. G.,
*Appellant.*

Benton County Circuit Court
20JU02478; A174972

492 P3d 1288

Matthew J. Donohue, Judge.

Christa Obold Eshleman filed the brief for appellant J. C. G.

George W. Kelly filed the brief for appellant K. C. M.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

In this termination of parental rights proceeding, child appeals from judgments terminating both his parents' parental rights. Mother also appeals the judgment terminating her parental rights. Although both mother and child raise substantive issues as to the merits of the trial court's termination decision, both also challenge the adequacy of the court's notice to parents pursuant to ORS 419B.820 concerning dates on which parents would be required to appear. The state concedes that the court failed to provide adequate notice pursuant to ORS 419B.820, and that the error constitutes plain error and requires reversal. We agree and accept that concession.

ORS 419B.820 provides that if parents appear in response to a summons and contest a petition for termination of parental rights, the court must inform them, either by written order provided to the parents in person or mailed to the parents, or by oral order made on the record, of the time, place and purpose of future hearings, of their obligations to appear, and that failure to appear may result in termination of their parental rights without further notice. *See generally Dept. of Human Services v. K. M. J.*, 276 Or App 823, 370 P3d 1258 (2016) (explaining requirements of statute). In the present case, the court held a telephonic preliminary hearing on June 12, 2020, at which father appeared and mother may have appeared.[1] When trial dates were discussed, the attorney for Department of Human Services (DHS) represented that she would "prepare orders to appear since we are doing this remotely and have Your Honor sign them with the dates provided and make sure to serve them on that and file that so we have confirmation that they did hear and were noticed of those dates." The following month, DHS filed a motion seeking to serve the orders by publication for parents to appear at an August 28 trial readiness hearing and at trial beginning on September 14; the court allowed for such publication (although the publication did

---

[1] There is some dispute as to the adequacy of the record to establish whether mother actually appeared telephonically or whether she was even summoned in the first instance, although her attorney appeared and indicated that mother contested the petition. Given our resolution of the appeal, we need not address those issues.

not, in fact, ultimately contain the date of the trial readiness hearing). Neither parent appeared at the trial readiness hearing or at trial, and child's counsel raised issues concerning the adequacy of notice to the parents. The trial court rejected counsel's argument, stating that the service by publication was adequate, and also indicating that the court had orally provided parents with the necessary information at the initial hearing. The parties agree, as do we, that the court was incorrect in its recollection that it provided parents with the necessary information required by ORS 419B.820 at the June 12 hearing. The parties also agree, as do we, that ORS 419B.820 makes specific provisions concerning how information must be provided to parents, and does not contain any provision for service by publication.[2] Because this error was largely unpreserved, we exercise our discretion to correct the error as plain error, given the gravity of the error. *See K. M. J.*, 276 Or App at 830-31 (exercising discretion to correct similar error).

Reversed and remanded.

---

[2] In the trial court, DHS relied on ORS 419B.823 as authority for service by publication. As DHS now acknowledges, that statute does not apply in this circumstance.