Argued and submitted September 17, affirmed October 27, 2021, petition for review denied March 24, 2022 (369 Or 504)

In the Matter of A. C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. C.,
*Appellant.*

Douglas County Circuit Court
20JU01466; A174678

501 P3d 1129

In this juvenile dependency case, father failed to appear at a scheduled hearing at which he had been ordered to personally appear. The juvenile court rescheduled the hearing, but father again did not appear. In his absence, the court entered a dependency judgment making father's child, A, a ward of the court. The court denied father's motion to set aside the dependency judgment. On appeal, father contends that he did not receive the statutorily required notice of the rescheduled hearing, and, therefore, the juvenile court lacked authority to enter the dependency judgment. Accordingly, father contends that the court abused its discretion when it denied his motion to set aside that judgment. *Held*: The plain text of ORS 419B.815(7), a statute addressing dependency proceedings, allows a juvenile court to adjudicate a dependency petition at any time after a parent fails to appear at a hearing for which they had statutorily required notice. In this case, father received the required notice for the initial hearing and the statute did not require any additional notice for the rescheduled hearing. Therefore, the court did not abuse its discretion by denying father's motion.

Affirmed.

Jason R. Thomas, Judge pro tempore.

Elena Stross, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Hadlock, Judge pro tempore.

HADLOCK, J. pro tempore.

Affirmed.

**HADLOCK, J. pro tempore**

In this dependency case, father failed to appear at a scheduled hearing at which he had been ordered to personally appear. With the consent of father's attorney, the juvenile court set over the hearing date for nine days to give father another opportunity to appear. Father also failed to appear at the rescheduled hearing and, in father's absence, the court entered a dependency judgment making father's child, A, a ward of the court. Father later moved to set aside the dependency judgment, and the court denied that motion. On appeal from the order denying his set-aside motion, father contends that he did not receive statutorily required notice of the rescheduled hearing date and, therefore, the court could not properly conduct the hearing, enter the jurisdictional judgment, or deny his motion to set that judgment aside. We reject father's contention that the juvenile court did not provide statutorily required notice of the rescheduled hearing. Accordingly, we affirm.

The pertinent facts are undisputed; they relate mostly to father's initial appearance in response to a summons in this dependency case, his later appearance at a settlement conference, and his subsequent failure to appear for the jurisdictional hearing, which initially was set for June 3, 2020, and then was reset for June 12, 2020, to give father another opportunity to appear. The facts are described in detail in an opinion we issued earlier this year, on father's direct appeal from the jurisdictional judgment:

"In March 2020, [the Department of Human Services (DHS)] filed petitions for jurisdiction over 14-year-old A ***. It is undisputed that father was served a copy of the petitions along with a statutorily compliant summons. The summons informed father regarding the time and location of the hearing and directed him to personally appear. The summons further provided notice to father in bold font that, if he did not personally appear before the juvenile court as directed or if he did not appear at any subsequent court-ordered hearing, 'the court may proceed in [his] absence without further notice and take jurisdiction of the [children] at the time of the above hearing or on a future date.'[1]

---

[1] The earlier appeal involved two children, A and H. This appeal involves only father's contention that the juvenile court erred in failing to set aside the jurisdictional judgment for A.

Father appeared as summoned, at which point the juvenile court held a shelter hearing. Following that hearing, father appeared as ordered at a settlement conference in April, after which the court scheduled a jurisdiction hearing for June 3. Father does not dispute DHS's representations that the court ordered him to appear on that date.

"Father did not appear at the June 3 hearing. DHS had understood that father was prepared to make admissions that day, and his attorney had no information as to why he did not appear to make admissions as expected. The juvenile court suggested setting a *prima facie* hearing, giving father another opportunity to appear, and counsel for father and DHS expressed assent to that plan. The court asked father's counsel how much time would be needed to secure father's presence, and counsel requested two weeks. All parties agreed to a hearing date nine days later, on June 12."

*Dept. of Human Services v. C. C.*, 310 Or App 389, 391-92, 486 P3d 51 (2021).

Father again failed to appear on June 12. *Id*. at 394. The juvenile court conducted a *prima facie* hearing at which it heard evidence related to allegations about matters that adversely affected father's parenting ability. *Id*. at 394-95. The court concluded that DHS had met its burden to prove certain allegations in the dependency petition, and it entered a judgment taking jurisdiction of A. *Id*. at 395.[2]

Father subsequently moved to set aside the jurisdictional judgment, asserting that the juvenile court had failed to provide him adequate notice of the June 12 hearing after he failed to appear on June 3. The court denied that motion.

On appeal, father challenges the juvenile court's refusal to set aside the jurisdictional judgment, relying on ORS 419B.923, which gives juvenile courts authority to set

---

[2] On appeal from that judgment, father argued that, "when the juvenile court scheduled the *prima facie* hearing on June 12 due to his absence on June 3, it did not make an oral or written order that notified father of the time, place, and purpose of the jurisdictional hearing, as required by ORS 419B.816." *C. C.*, 310 Or App at 397-98. We rejected that argument because father had not adequately preserved it below and the argument that father made on appeal did not establish that the juvenile court had plainly erred. *Id*. at 400-01. As father acknowledges, the argument that he raises on appeal in this case is the same argument that we rejected as unpreserved in *C. C.*

aside orders and judgments, either for one of the reasons listed in the statute (such as mistake or excusable neglect) or on "other appropriate grounds." *Dept. of Human Services v. T. L.*, 358 Or 679, 696, 369 P3d 1159 (2016). Father acknowledges that, after a parent has appeared in response to a summons or court order related to a dependency petition, but then later fails to appear for a hearing related to the petition, ORS 419B.815(7) authorizes a court to adjudicate the petition in the parent's absence, "either on the date specified in the summons or order *or on a future date.*" (Emphasis added.) However, father argues that the statute applies—allowing the court to establish jurisdiction in the parent's absence—only if the court gave the parent oral or written notice of the specific hearing at which it ultimately takes jurisdiction. Thus, father acknowledges that the juvenile court could have adjudicated the dependency petition in this case on June 3, because the court had given him notice of *that* hearing. However, he contends that the court could not properly adjudicate the petition on June 12 because it had not given him notice of the setover from June 3 to June 12 (notwithstanding that father's lawyer was present on June 3 and agreed to the June 12 hearing date). Father bases that argument largely on ORS 419B.816, which father contends requires the juvenile court to give the parent notice of *each* hearing date and the potential consequences of failing to appear (including adjudication of a petition in the parent's absence). Father also relies on three cases that addressed the consequences of parents' failures to appear at hearings related to petitions to terminate their parental rights.

In response, DHS contends that ORS 419B.815(7) authorized the juvenile court to proceed as it did, because "the plain text of the statute allows the juvenile court to take jurisdiction *without further notice* and without the parent's participation once that parent fails to appear as ordered, regardless of when the hearing occurs." DHS distinguishes the termination cases on which father relies, and it argues that the notice provisions of ORS 419B.816 do not apply after a parent has already failed to appear.

We review a juvenile court's decision not to set aside a jurisdictional judgment for abuse of discretion, observing that a court permissibly exercises its discretion when it

chooses "among several legally correct outcomes." *Dept. of Human Services v. K. H. H.*, 304 Or App 530, 535, 466 P3d 698, *rev den*, 367 Or 217 (2020). In determining the range of permissible "legally correct outcomes" available to the juvenile court, we resolve underlying questions of statutory construction as a matter of law. *See id.* at 533-35 (discussing cases that stand for that proposition).

Father's contention that the juvenile court abused its discretion in denying his set-aside motion is premised on his argument that the court erred by adjudicating the dependency petition on June 12 without giving him notice of that hearing date, as purportedly required by ORS 419B.816. In determining whether the court was required to give father notice of that hearing date, we examine the pertinent provisions of the juvenile code in context.

ORS 419B.815(1) provides that a juvenile court can issue an order establishing dependency jurisdiction over a child "only after service of summons and a true copy of the [dependency] petition"; the child's parents are among the people who must be served. ORS 419B.839(1)(a). The summons must include certain information, including:

> "A statement that the petition seeks to establish jurisdiction under ORS 419B.100 and that, if the person fails to appear at the time and place specified in the summons *or an order under ORS 419B.816* \*\*\* the court may establish jurisdiction without further notice *either on the date specified in the summons or order or on a future date* \*\*\*."

ORS 419B.815(4)(a) (emphases added). Thus, the summons alerts the parent of the importance of appearance both in response to the summons and in response to any court orders issued under ORS 419B.816.

That statute—ORS 419B.816—provides that, once a parent has appeared in response to a summons, the juvenile court shall inform the parent of the time, place and purpose of the next hearing or hearings related to the dependency petition either by written order (provided to the parent in person or mailed to the parent's address) "or by oral order made on the record." ORS 419B.816(1). When the court notifies a parent of a future hearing, it must also give the parent additional information, including that, if the parent "fails

to appear as ordered for any hearing related to the petition, the court may establish jurisdiction without further notice, *either on the date specified in the summons or order or on a future date \*\*\*.*" ORS 419B.816(5). Thus, a court order requiring a parent to appear on a certain date reminds the parent of the warning that was included in the summons: that, after a parent has failed to appear, the court may establish jurisdiction without further notice, "either on the date specified in the summons or order or on a future date."

Those statutory requirements that a parent be alerted to the possible consequences of failing to appear reflect the juvenile court's authority to proceed in the parent's absence, as set out in ORS 419B.815(7), which provides:

> "If a person fails to appear for any hearing related to the petition \*\*\* as directed by summons *or court order* under this section or ORS 419B.816, the court may establish jurisdiction without further notice, *either on the date specified in the summons or order or on a future date \*\*\*.*"

(Emphases added.) ORS 419B.815(8) further provides that, if the parent has been ordered to appear personally, the parent may not appear through an attorney.

In sum, the quoted sections of ORS 419B.815 and ORS 419B.816 provide that, once a parent has appeared in response to a summons and the juvenile court has then ordered the parent to appear personally at a later hearing, the court may adjudicate the dependency petition in the parent's absence—if the parent fails to appear at the hearing for which the parent had notice—either at that hearing "or on a future date." ORS 419B.815(7). That is, once a parent has failed to personally appear at a hearing for which the parent had proper notice under ORS 419B.816, the juvenile court may choose to either immediately proceed with a hearing on the dependency petition *or* postpone that hearing to a later date. If the court takes the latter course, nothing in ORS 419B.815 or ORS 419B.816 requires the court to notify that parent of the newly set hearing date (a represented parent presumably should receive that information from the parent's lawyer).

That is what happened here. Father was properly served with the dependency petition and summons

in March 2020. He personally appeared in April, and the juvenile court then set a hearing for June 3 and ordered father to personally appear at that hearing. When father failed to appear on June 3, the court could have (as father acknowledges) adjudicated the dependency petition immediately, in father's absence. Instead, after discussion with father's lawyer, the court decided to give father an additional opportunity to appear. Accordingly, the court set over the dependency hearing until June 12. Because father had failed to appear at the June 3 hearing, for which he had proper notice, the plain text of ORS 419B.815(7), considered in the context of the other statutory provisions we have discussed, indicates that the juvenile court was not statutorily required to give father notice that it had set over the hearing to June 12. *See C. C.*, 310 Or App at 401 ("The plain text of [ORS 419B.815(7)] suggests that the juvenile court could, after father failed to appear for the properly noticed June 3 jurisdictional hearing, proceed to establish jurisdiction over the children at the June 12 hearing without further notice to father.").

Notwithstanding the text of ORS 419B.815(7), father argues a parent must have "an ORS 419B.816-compliant order" notifying the parent of *each* hearing to be held on a dependency petition, regardless of the parent's preceding failure to appear. Father relies primarily on three parental-rights termination cases that, in his view, establish that a parent's failure to appear at one hearing does not give the juvenile court authority to adjudicate a petition in the parent's absence at another, future hearing. Those cases are *Dept. of Human Services v. K. M. J.*, 276 Or App 823, 370 P3d 1258 (2016), *Dept. of Human Services v. A. D. G.*, 260 Or App 525, 317 P3d 950 (2014), and *Dept. of Human Services v. A. W. (A158694)*, 274 Or App 493, 361 P3d 58 (2015). Father argues that the holdings in those cases were based on statutes analogous to ORS 419B.815 and ORS 419B.816 and establish that "a parent's failure to appear does not imbue the trial court with authority in perpetuity to adjudicate a petition in the parent's absence at any future date" and also establish that, as a matter of statutory construction, "due process requires a parent to have notice of the proceeding at which the court adjudicates a petition."

The cases cited by father do not support his argument. It is true that some of the statutory provisions that govern notices in termination proceedings are analogous to those that apply to dependency proceedings. Like ORS 419B.816, which applies in the dependency context, ORS 419B.820 requires the court to notify a parent who has appeared to contest a petition "of the time, place and purpose of the next hearing or hearings related to the [termination] petition." And, like ORS 419B.815(7) (applicable in dependency proceedings), ORS 419B.819(7) authorizes a trial court to terminate a parent's rights "without further notice and in the parent's absence" if the parent has failed to appear for any hearing related to a termination petition. But our interpretation and application of those statutes in the three cited termination cases does not support father's contention that ORS 419B.815(7) did not authorize the juvenile court's action in this case.

In the first case on which father relies, *K. M. J.*, the juvenile court terminated a mother's parental rights after she failed to appear personally for trial. 276 Or App at 825. DHS conceded that the court had not given the mother (who had initially filed a written answer in response to a summons and termination petition) notice of the termination trial as required by ORS 419B.820. *Id.* at 827. Among other things, the court failed to notify the mother that, "if she failed to appear personally, the court could terminate her rights in her absence." *Id.* at 829. We concluded that the trial court plainly erred by terminating the mother's parental rights without having given her statutorily compliant notice of the trial. *Id.*

*K. M. J.* has little bearing here. In this case, father did get statutorily compliant notice (through court order) of the June 3 date for hearing on the dependency petition. It was only after father failed to appear for that properly noticed hearing that the court postponed the hearing date to June 12 and then, as expressly permitted by ORS 419B.815(7), proceeded to adjudicate the petition in father's absence when he *again* failed to appear for hearing. *K. M. J.* did not involve an analogous situation; the mother in that case had not failed to appear at a *properly noticed* hearing

before the court adjudicated the termination petition in her absence.

For the same reason that *K. M. J.* does not support father's argument, his reliance on *A. W.* also is misplaced. The mother in *A. W.*, another termination case, did not appear personally at a December 29, 2014, hearing related to the termination trial, and, two days later, the juvenile court heard DHS's *prima facie* case and terminated the mother's parental rights in her absence. 274 Or App at 496. On appeal, we reversed, noting that the trial court had been incorrect when it considered the mother to have defaulted when she did not appear at the December 29 hearing because—as DHS conceded—the mother had not properly been ordered to personally appear on that date, under ORS 419B.820. *Id.* at 498-99. Because the mother had not defaulted on that date—and therefore could not be said to have defaulted two days later when she failed to appear at the *prima facie* hearing of which she had no notice—the court lacked authority under ORS 419B.819(7) to terminate the mother's parental rights in her absence. *Id.* at 499-500. Thus, in *A. W.*, as in *K. M. J.*, the problem was that the court adjudicated a termination petition in the mother's absence based on her failure to appear at a hearing for which she had lacked statutorily required notice. That is not the circumstance here. Again, father did have statutorily compliant notice of the June 3 hearing; the court was therefore authorized to adjudicate the jurisdictional petition in father's absence on that date or "on a future date," ORS 419B.815(7), as it did.

Some of the facts in *A. D. G.* are more analogous to those in this case, in that the parent in *A. D. G.* did fail to appear at some pretrial hearings. In *A. D. G.*, DHS petitioned to terminate the parental rights of a mother of two children. 260 Or App at 527. Although the mother was served with a summons and petition in each of those cases (which later were consolidated), she failed to appear at two pretrial hearings. *Id.* at 528-29. Despite her previous failures to appear, the mother ultimately did appear on the date set for the *prima facie* hearing in the two termination cases. Nonetheless, the court informed the mother that, because of her earlier failures to appear, she would not be permitted to participate at the hearing. *Id.* at 529-30. After DHS

presented a *prima facie* case, the court entered a termination judgment as to both children, noting that the mother was "not a party" and had "failed to appear as previously ordered." *Id*. at 531. The mother later moved to set aside the termination judgment, and the trial court denied that motion. *Id*. at 532-34. On appeal, we held that ORS 419B.819(7) did not authorize the juvenile court "to bar mother from participating in the *prima facie* hearing" that resulted in the termination judgment, "even though she was present and attempted to participate in that hearing." *Id*. at 541-42. In reaching that conclusion, we focused on the phrase "and in the parent's absence" in ORS 419B.819(7) (which allows the court to terminate a parent's rights "without further notice and in the parent's absence" following a failure to appear). *Id*. at 542. Explaining that "absent" means "not present," we concluded that "ORS 419B.819(7) only authorizes a juvenile court to enter a [termination] default judgment against a parent at a proceeding *at which that parent is absent*," that is, not present. *Id*. at 542, 547 (emphasis added). In *A. D. G.*, the mother *was* present at the *prima facie* hearing; accordingly, ORS 419B.819(7) did not authorize the court to terminate her parental rights by means of a default judgment without allowing her to participate. *Id*. The court therefore also erred when it denied the mother's motion to set aside that judgment. *Id*.

Thus, although *A. D. G.* bears one similarity to this case, in that the parents in both cases failed to appear for pretrial hearings, the differences between the cases are more significant. First, the mother appeared for the *prima facie* hearing on the termination petition in *A. D. G.*; in this case, father did not appear at the hearing where DHS presented its *prima facie* case. Second, the implications of the *A. D. G.* court's refusal to allow the mother to participate at the *prima facie* hearing were more stark: that hearing presented the only opportunity for her to challenge termination of her parental rights and, therefore, implicated significant due process concerns. *Id*. at 546. Here, the *prima facie* hearing established only the juvenile court's dependency jurisdiction over A—jurisdiction that father may challenge at any time unless and until his parental rights are terminated. *Dept. of Human Services v. T. L.*, 279 Or App 673, 677,

689-90, 379 P3d 741 (2016). For both of those reasons, the holding in *A. D. G.* does not assist father in this case.

To recap: The plain wording of ORS 419B.815(7), considered in its context, allows a juvenile court to do what the court did in this case—adjudicate a dependency petition "on a future date" after a parent fails to appear at a hearing of which the parent had statutorily required notice. Nothing in the cases cited by father requires a different interpretation of that statutory text. Nor are we aware of any cases or legislative history that would counsel a different interpretation. Accordingly, we conclude that the juvenile court did not err by adjudicating the dependency petition at the June 12 hearing, and it therefore did not abuse its discretion when it later declined to set aside the jurisdictional judgment.

Affirmed.