***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted November 16, 2022, affirmed February 1, petition for review denied
May 18, 2023 (371 Or 106)

In the Matter of M. J.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

L. J.,
*Appellant.*

Multnomah County Circuit Court
19JU05422;
Petition Number 113747;
A178909

Amy Holmes Hehn, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

In this juvenile dependency appeal, mother appeals a judgment that changed the permanency plan for her daughter, M, from reunification to adoption. Mother did not appear for the permanency hearing. Mother's court-appointed lawyer did appear, but he did not participate in the hearing. In her first assignment of error, mother now asserts that her lawyer provided inadequate assistance because he did not offer argument on her behalf, he did not challenge the evidence offered by the Department of Human Services (DHS), and he did not otherwise provide a defense to the requested change in plan. In her second assignment, mother alleges that the juvenile court erred when it changed the case plan to adoption. Both assignments challenge the same ruling, and we thus address them as one.

Mother may properly raise a claim of ineffective assistance of counsel for the first time on appeal from a permanency judgment. *Dept. of Human Services v T. L.*, 358 Or 679, 703, 369 P3d 1159 (2016). We review such claims to determine, as a matter of law, whether the proceeding below was "fundamentally fair." *State ex rel Juv. Dept. v. Geist*, 310 Or 176, 187, 796 P2d 1193 (1990). Here, mother has the burden to show that counsel was inadequate in failing to present a defense to the proposed change in permanency plan at the hearing and that, if the lawyer should have done so, the inadequacy prejudiced her case. *Dept. of Human Services v. M. U. L.*, 281 Or App 120, 125, 380 P3d 1232 (2016); *State v. N. L.*, 237 Or App 133, 142, 239 P3d 255 (2010).

A complete recitation of the underlying facts would not benefit the parties, counsel, the bar, the bench, or the public, and we provide this limited summary as context for our decision. M has been in substitute care since she was seven days old. Jurisdiction was established approximately seven months later at a hearing for which mother did not appear. The court proceeded under ORS 419B.815(7), and DHS presented its *prima facie* case on allegations that mother is unable to meet M's special needs, and that her substance abuse, mental health problems, criminal activities and her unstable and chaotic lifestyle endanger M's

welfare.[1] There have been several review hearings and permanency hearings since jurisdiction was established. Mother attended some, but not all, of those hearings.

In late November 2021, at a scheduled permanency hearing for which mother was present, DHS announced its plan to request that the case plan be changed to adoption, and because mother indicated that she would contest that request, the court scheduled another date to hold a contested permanency hearing. There was a subsequent change in counsel appointed for mother which prompted a delay in the contested permanency hearing and, ultimately, that hearing was rescheduled for May 2022. Mother did not appear for that contested permanency hearing, but her lawyer did. When asked by the juvenile court, mother's lawyer responded that he had "no information" about mother's whereabouts. Upon further inquiry from the court, mother's lawyer indicated that he had no "presentation today." Mother's lawyer did not examine or cross-examine any witnesses, he did not object to any of the exhibits offered into evidence by DHS, and he made no argument to the court. In other words, mother's lawyer was in the courtroom, but he did not participate in the hearing. The juvenile court made findings and changed the permanency plan from reunification to adoption. We take judicial notice of the official case register in the underlying juvenile dependency case, *see Dept. of Human Services v. T. J. N.*, 323 Or App 258, 262, 522 P3d 914 (2022) (judicial notice taken of the official juvenile court case register and linked judgments and orders), and note that mother filed a motion to set aside the permanency judgment on the basis of excusable neglect, and that the court held a hearing on that motion and then issued an order denying it. A separate appeal arising from that order is currently pending.

We have reviewed the record before us and conclude that it is insufficient for us to discern whether mother's lawyer was inadequate, in mother's absence, in failing to present a defense to the proposed change in permanency plan,

---

[1] Father appeared for the jurisdictional hearing and admitted that M was born premature and that she has special medical needs that he was unable to meet. He died during the pendency of the case.

to request a continuance, or to seek some other action by the court. The record is also not adequate for us to determine whether mother was prejudiced by her lawyer's failure to mount a defense to the plan change on her behalf. We have no record as to why mother's lawyer failed to provide information or otherwise participate in the permanency hearing. The record provides little to no insight into whether counsel could have provided the juvenile court with any information or argument that would have altered its decision to change the plan to adoption. Given the record that we do have, mother has not met her burden on her inadequate assistance of counsel claim. We, thus, affirm, but "without prejudice" to mother's ability to renew that claim in the juvenile court under ORS 419B.923. *T. L.*, 358 Or 704; *see also Dept. of Human Services v. T. E. B.*, 279 Or App 126, 134, 377 P3d 682, *rev den*, 360 Or 422 (2016) (affirming "without prejudice to the parent's ability to renew" his inadequate assistance claim under ORS 419B.923 when the "record on appeal is insufficient to determine that father is entitled to relief").

Affirmed.