No. 928          October 22, 2025          447

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of Y. E. K., aka Y. K.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*and*

Y. E. K.,
aka Y. K.,
*Respondent,*

*v.*

T. M. S.,
aka S. K., aka M. S., aka S. S., aka T. S.,
*Appellant.*

Multnomah County Circuit Court
24JU03298;
Petition Number
T2024066;
A186695

Amy Holmes Hehn, Judge.

Submitted July 28, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Tiffany Keast, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Erica Hayne Friedman and Youth, Rights & Justice filed the brief for respondent Y. E. K.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Mother appeals a juvenile court judgment terminating her parental rights to her seven-year-old child, Y, "after a trial *in absentia*." In her sole assignment of error, she argues that her court-appointed trial counsel provided inadequate assistance, specifically by failing to move for a continuance or otherwise argue that the juvenile court should not proceed in mother's absence. We conclude that mother has not met her burden to prove inadequate assistance and, accordingly, affirm.

ORS 419B.518(1) provides for court-appointed counsel for financially eligible parents defending against a petition to terminate parental rights. Such counsel must provide adequate assistance. *State ex rel Juv. Dept. v. Geist*, 310 Or 176, 185, 796 P2d 1193 (1990) (concluding that "the legislature intended a statutory right to counsel to include a right to adequate counsel"). A parent's claim of inadequate assistance of counsel may be raised for the first time on direct appeal, *id.* at 187, as it is here. It is the parent's burden to prove "both that counsel was inadequate and that the inadequate representation prejudiced the parent," resulting in a proceeding that was not "fundamentally fair." *Dept. of Human Services v. M. U. L.*, 281 Or App 120, 125-26, 380 P3d 1232 (2016).

"When reviewing an inadequate-assistance claim, we look at the totality of the circumstances to determine whether the claimant was denied a fair trial because of the alleged inadequacies or failures, including tactical decisions that counsel could have made or should have made better." *Dept. of Human Services v. L. T. G.*, 329 Or App 270, 271, 540 P3d 1142 (2023) (internal quotation marks omitted). "To find that trial counsel was inadequate, we must affirmatively find that *no* adequate counsel would have acted as the counsel did under the circumstances and that the counsel's actions or lack thereof reflected an absence or suspension of professional skill and judgment." *Id.* at 273 (internal quotation marks omitted; emphasis in original).

On the existing record, we are unpersuaded that mother's trial counsel provided inadequate assistance by

failing to move for a continuance or otherwise request that the juvenile court not proceed with termination of parental rights (TPR) in mother's absence. Trial counsel knew that mother had received notice of the hearing, including its time and place, and the consequences of not personally appearing. *See* ORS 419B.819(7) (authorizing a juvenile court to proceed with adjudicating a TPR petition at any hearing on the petition at which the parent fails to appear, so long as the parent has received notice of the time, place, and purpose of the hearing; notice that the parent is required to appear personally at the hearing; and notice that, if they fail to appear in person, the court may proceed with trial in their absence and terminate their parental rights). Trial counsel had no specific information on which to base a motion for continuance. And the juvenile court had previously found that mother "may utilize self-imposed medical emergencies" to try to stall the proceedings.

In *L. T. G.*, we held that a parent had not established that her trial counsel provided inadequate assistance in a TPR proceeding by not moving for a continuance when the parent failed to appear, where the record showed that trial counsel knew that the parent had received notice of the time and date of the hearing, knew that the parent was aware of the consequences of not appearing, and did not know of any specific reason for the parent's absence or have any information about her whereabouts, beyond knowing that the parent was experiencing houselessness. 329 Or App at 273. We concluded that, on those facts, we could not find that no constitutionally adequate counsel would have proceeded as counsel did. *Id*. The same is true here.

Accordingly, we reject mother's inadequate assistance claim on the existing record and affirm the TPR judgment.[1]

Affirmed.

---

[1] Because the inadequate assistance claim was first raised on appeal, we reject it without prejudice to mother's "ability to renew the claim before the juvenile court under ORS 419B.923." *Dept. of Human Services v. T. L.*, 358 Or 679, 703-04, 369 P3d 1159 (2016). However, we express no opinion on whether mother has the ability to renew it at this point in this case, given the trial court's recent denial of a motion to set aside and vacate the TPR judgment under ORS 419B.923(1) that mother filed during the pendency of this appeal.